**ROSS STORES, INC. d/b/a Ross Dress For Less, Petitioner,**

v.

**REDKEN LABORATORIES, INC., Respondent.**

**No. D–0858.**

Supreme Court of Texas.

June 12, 1991.

James M. Orr, John M. Cone, Dallas, for petitioner.

Joseph J. Mastrogiovanni, Jr., Dallas, for respondent.

**PER CURIAM.**

This is an equitable bill of discovery proceeding under rule 737, Texas Rules of Civil Procedure. Redken produces hair

care and beauty products and sells them through distributorship agreements by which the products may be sold for resale only to professional salons or licensed cosmetology schools. Redken discovered Ross was selling genuine Redken products at highly competitive "discount" prices. Ross is not a licensed Redken distributor, and its stores do not have professional beauticians or barbers or otherwise qualify as contemplated resale outlets under the Redken distributorship agreements. Redken sued Ross for an equitable bill of discovery to find out where and how Ross was obtaining its genuine Redken products.

Redken filed a motion for summary judgment, alleging facts the thrust of which was that the only way that Ross could be acquiring the Redken products was through a distributor's "directly or indirectly" breaching its contract with Redken. Redken's bill of discovery action was brought with a view toward filing suit against the supplier or suppliers of Redken products to Ross. From the face of Redken's pleadings there is no assertion or contemplation of any cause of action against Ross. In connection with its motion for summary judgment, Redken disclaimed any present intention of suing Ross for damages.

■ The trial judge signed a summary judgment order requiring Ross to give its deposition and to produce documents related to how it obtained Redken products. The order is admittedly the "final" order in the equitable bill of discovery proceeding, in the sense that it grants all the relief Redken sought by that proceeding. Ross filed a cost bond and attempted to appeal the summary judgment. Without opinion, the court of appeals dismissed the appeal for want of jurisdiction, apparently on the ground that the district court's summary judgment was not a final, appealable order. In its application Ross complains that the court of appeals erred in dismissing the cause for want of jurisdiction.

■ Bill of discovery orders directing discovery against third parties against whom suits are not contemplated are ends in themselves, resolving all discovery issues between the bill of discovery plaintiff and the discovery defendant and acting as mandatory injunctions against the discovery defendant. Such orders are therefore final and appealable. *Dallas Joint Stock Land Bank v. State*, 135 Tex. 25, 137 S.W.2d 993 (1940); *Dallas Joint Stock Land Bank v. Rawlins*, 129 S.W.2d 485 (Tex.Civ.App.—Dallas 1939, orig. proceeding). In the present case, there is no pending suit involving Ross to which the present discovery action is ancillary, and no suit against Ross is specifically contemplated. Redken seeks to discover who its potential defendants are and whether it has one or more causes of action against them. Thus, the discovery is an end within itself and the court of appeals erred in concluding there was no appellate jurisdiction. Pursuant to rule 170, Texas Rules of Appellate Procedure, without hearing oral argument a majority of the court grant Ross' application for writ of error, reverse the judgment of the court of appeals and remand the cause to the court of appeals for further proceedings consistent with this opinion.