**In re EMERGENCY CONSULTANTS, INC., James Johnson, Tom Zguris, and Mike Boyle, Relators.**

No. 14-07-00002-CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 10, 2007.

---

Richard F. Callaway, Jr., Charles C. Brennig, III, Warren W. Harris, Houston, for appellant.

Andy Taylor, Amanda Eileen Staine Peterson, Houston, for appellee.

Panel consists of Justices HUDSON, FROST, and GUZMAN.

### OPINION

PER CURIAM.

This case addresses a potential litigant's ability to take a deposition pursuant to Texas Rule of Civil Procedure 202 prior to filing suit in order to investigate potential claims. On July 27, 2006 and October 31, 2006, the trial court entered orders permitting four pre-suit depositions. Relators Emergency Consultants, Inc., James Johnson, Tom Zguris, and Mike Boyle have filed a petition for writ of mandamus and request for emergency relief in this court. *See* TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004); TEX.R.APP. P. 52. Relators seek a writ of mandamus requiring the trial court

to set aside its orders, with the effect that real party in interest Dr. Crystal Cassidy would be precluded from taking the proposed pre-suit depositions.

■ Relators claim that Dr. Cassidy should be precluded from taking the proposed depositions because she has not asserted a "potential claim" as required by Rule 202. They allege that Dr. Cassidy's only "potential claim" is a claim for a violation of the Texas Medical Practice Act, TEX. OCC.CODE ANN. § 165.156 (Vernon 2004), which does not provide a person with a private cause of action. *See, e.g., Cole v. Huntsville Mem'l Hosp.,* 920 S.W.2d 364, 373 (Tex.App.-Houston [1st Dist.] 1996, writ denied).[1] Relators maintain that, by its express language, Rule 202 requires a "potential claim or suit" before a deposition should be permitted, and that Dr. Cassidy has not identified a viable claim in her petition for pre-suit depositions.

Investigating a potential claim or suit is one of the express purposes of Rule 202, *see* TEX.R. CIV. P. 202.1(b), and a potential litigant should be permitted to explore whether claims exist without having to file a lawsuit to do so. Any other holding would eviscerate the investigatory purpose of Rule 202 and essentially require one to file suit before determining whether a claim exists. This is not efficient, and it potentially places counsel in a quandary, considering counsel's ethical duty of candor to the court and the requirements of Texas Rule of Civil Procedure 13.[2]

We accordingly reject relators' attempt to define Dr. Cassidy's claim as solely a claim under the Texas Medical Practice Act. The facts reveal that Dr. Cassidy has had a long professional relationship with relators, and that Dr. Cassidy is a party to more than one contract flowing from that relationship. As Dr. Cassidy points out, she may have a potential claim that the illegal corporate practice of medicine renders her contracts illegal. *See, e.g., Penny v. Orthalliance, Inc.,* 255 F.Supp.2d 579 (N.D.Tex.2003) (suit to challenge validity of agreements based on the unauthorized practice of dentistry).

■ Rule 202 does not require a potential litigant to expressly state a viable claim before being permitted to take a presuit deposition. *See, e.g., City of Houston v. U.S. Filter Wastewater Group, Inc.,* 190 S.W.3d 242, 245 (Tex.App.-Houston [1st Dist.] 2006, orig. proceeding) ("There is no requirement in Rule 202 that the person sought to be deposed be a potentially liable defendant in the claim under investigation."). By its terms, Rule 202 instead requires a trial court to order a deposition if it makes one of two findings, either that "allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit" or that "the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." TEX.R. CIV. P. 202.4(a)(1) & (2). After an evidentiary hearing, the trial court made both findings in this case.

■ Relators have not established that the trial court abused its discretion in

---

1. We express no opinion on the scope of the Texas Medical Practice Act, TEX. OCC.CODE ANN. § 165.156, or the merits of any potential claim.

2. Rule 13 provides in part that "[t]he signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment."

making these findings. A writ for mandamus may lie to challenge a trial court's order for pre-suit depositions, *see In re Hewlett Packard,* 212 S.W.3d 356, 360 (Tex.App.-Austin 2006, orig. proceeding [mand. denied]).[3] However, in this case, relators have not established that they are entitled to mandamus relief.

Accordingly, we deny relators' petition for writ of mandamus and relators' motion for temporary relief.

3. We reject relators' claim that this case is controlled by the *Hewlett Packard* decision. That case involved a competitor's attempt to access information that included Hewlett Packard's trade secrets, interests that are not at stake in this case.