COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-07-316-CV

IN RE BED BATH & BEYOND, INC. RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Relator Bed Bath & Beyond (“BBB”) seeks mandamus relief from the trial court’s order granting Real Party in Interest’s Armstrong McCall L.P.’s (“AMLP”) rule 202 petition to take an investigatory deposition of a BBB corporate representative.  BBB argues the order will force it to disclose trade secrets.
  We deny the requested relief because BBB has an adequate remedy at law.

Background

BBB is a national retailer that sells, among other things, beauty and hair care products.  AMLP is a wholesale distributor of beauty and hair care products.  AMLP has an exclusive distribution agreement with “Farouk Systems” hair and beauty products covering Texas and other, unspecified portions of the U.S.  
AMLP distributes Farouk products to its franchisees, who in turn distribute the products to “hair care professionals.”

When AMLP found Farouk products for sale in Texas BBB stores, it filed a rule 202 petition in the County Court at Law No. 2 of Denton County.  
See 
Tex. R. Civ. P.
 
202.  AMLP seeks to discover, via the deposition of a BBB corporate representative, who is supplying Farouk products to BBB, and at what price and volume. 

Although AMLP filed the rule 202 petition against BBB, BBB is not the target of AMLP’s potential claims.  In its petition, AMLP stated that it was investigating potential claims against unknown parties who sold Farouk products to BBB—not potential claims against BBB.  In oral argument before the trial court, AMLP asserted that it had a potential claim because 

someone is in breach of an agreement.  And I can’t tell you as we stand here today whether that is Farouk, whether that is a different distributor, whether it is a franchisee. . . . .  We are not asserting a claim here against . . . Bed, Bath & Beyond.  And we are not saying this information would go to a claim against them.  It goes against the supplier, or against their supplier, someone back up the chain.  

In other words, AMLP contemplates suit against someone, but not BBB.

The trial court granted AMLP’s petition in part, ordering BBB to submit a corporate representative for deposition to identify its suppliers of Farouk products but not the price and volume of products purchased.  Twenty-five days later, and before submitting a representative for deposition, BBB filed this original proceeding.  We issued an order staying proceedings in the trial court pending resolution of BBB’s petition for writ of mandamus.

Analysis

Mandamus will issue to correct a discovery order (1) if the order constitutes a clear abuse of discretion and (2) there is no adequate remedy by appeal.  
In re Colonial Pipeline Co
., 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding); 
Walker v. Packer
, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  BBB is not entitled to mandamus relief because it has an adequate remedy by appeal.

Rule of civil procedure 202 incorporates the equitable bill of discovery procedures previously found in rules 187 and 737.  
See
 
Tex. R. Civ. P. 
202 cmt. 2.  Consequently, the case law interpreting these prior rules is helpful in our interpretation of rule 202.

Under both rule 202 and the prior rules, if a petition to investigate a claim seeks discovery from a third party against whom suit 
is not 
contemplated, then the trial court’s ruling on the petition is final and appealable.  
See Ross Stores, Inc. v. Redken Labs., Inc.
, 810 S.W.2d 741, 742 (Tex. 1991); 
Parker v. Lindsey
, No. 05-98-01249-CV, 1999 WL 446067, at *1-2 (Tex. App.—Dallas June 2, 1999, pet. denied) (not designated for publication) (both construing rule 737).  Conversely, if the petition to investigate a claim seeks discovery from a party against whom a suit 
is 
specifically contemplated, then the trial court’s ruling on the petition is not final and appealable, and the appellate court must dismiss the appeal.  
See, e.g., In re Poteete
, No. 02-05-00433-CV, 2006 WL 176965, at *1 (Tex. App.—Fort Worth Jan. 26, 2006, no pet.) (mem. op.) (construing rule 202 and dismissing appeal); 
Thomas v. Fitzgerald
, 166 S.W.3d 746, 747 (Tex. App.—Waco 2005, no pet.) (same); 
Jacintoport Corp. v. Almanza, 
987 S.W.2d 901, 902-03 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (construing rule 737 and dismissing appeal); 
In re Am. State Bank
, No. 07-03-00483-CV, 2005 WL 1967262, at *2 (Tex. App.—Amarillo Aug. 16, 2005, pet. denied) (mem. op.) (construing rule 202 and dismissing appeal); 
see also IFS Sec. Group, Inc. v. Am. Equity Ins. Co.
, 175 S.W.3d 560, 563 (Tex. App.—Dallas 2005, no pet.) (construing rule 202 and holding that denial of request for rule 202 deposition of party against whom suit was specifically contemplated was not appealable)
.

The supreme court has explained the distinction in finality between an order on a petition that seeks discovery from a third party against whom suit 
is
 contemplated and an order on a petition that seeks discovery from a third party against whom suit 
is not
 contemplated:

Bill of discovery orders directing discovery against third parties against whom suits are not contemplated are ends in themselves, resolving all discovery issues between the bill of discovery plaintiff and the discovery defendant and acting as mandatory injunctions against the discovery defendant.  Such orders are therefore final and appealable.

Ross Stores, Inc.
, 810 S.W.2d at 742.

The facts and procedural history of 
Ross Stores 
are remarkably like those of this case.  In that case, Redken produced hair care and beauty products and sold them through distributorship agreements by which the products could be sold for resale only to professional salons or licensed cosmetology schools.  
Id
.  Redken discovered Ross was selling genuine Redken products at highly competitive “discount” prices.  
Id.  
Redken sued Ross for an equitable bill of discovery under the predecessor to rule 202 to find out where and how Ross was obtaining its genuine Redken products.  
Id.
  The trial court granted the bill of discovery, and Ross appealed.  
Id.
  The court of appeals dismissed the appeal for want of jurisdiction, holding that the order granting the bill of discovery was not final and appealable.  
Id.
  Without hearing oral argument, the supreme court reversed and remanded, holding that the trial court’s order was final and appealable because Redken did not specifically contemplate suit against Ross; rather, it contemplated suit against Ross’s suppliers.  
Id.

For the same reasons that the court of appeals had jurisdiction over Ross’s direct appeal, this court would have jurisdiction over a direct appeal filed by BBB.  Thus, BBB has an adequate remedy by appeal and is not entitled to mandamus relief.  
See Walker
, 827 S.W.2d at 839.

We are mindful that allowing AMLP to discover the identities of BBB’s suppliers will moot the controversy between the parties.  Therefore, our September 14, 2007 stay order will remain in effect for seven days following the date of this opinion to give BBB an opportunity to file a direct appeal, if it so desires.
(footnote: 2)  We note that in a direct appeal, the trial court’s order may be superceded pending resolution of the appeal.  
See
 
Tex. R. App. P.
 24.

Because BBB has an adequate remedy by appeal, we deny its petition for writ of mandamus.

PER CURIAM

PANEL A: GARDNER, HOLMAN, and MCCOY, JJ.

DELIVERED:  December 7, 2007 

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
BBB filed this original proceeding twenty-five days after the trial court signed the rule 202 order; we express no opinion as to whether a notice of appeal filed by BBB would now be timely.