COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-07-316-CV

 

 

IN RE BED BATH & BEYOND, INC.                                             RELATOR

                                                                                                        

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Relator Bed Bath & Beyond
(ABBB@) seeks
mandamus relief from the trial court=s order granting Real Party in Interest=s Armstrong McCall L.P.=s (AAMLP@) rule 202 petition to take an investigatory deposition of a BBB
corporate representative.  BBB argues the
order will force it to disclose trade secrets. 
We deny the requested relief because BBB has an adequate remedy at law.








                                            Background

BBB is a national retailer
that sells, among other things, beauty and hair care products.  AMLP is a wholesale distributor of beauty and
hair care products.  AMLP has an exclusive
distribution agreement with AFarouk Systems@ hair and
beauty products covering Texas and other, unspecified portions of the U.S.  AMLP distributes Farouk products to its
franchisees, who in turn distribute the products to Ahair care professionals.@

When AMLP found Farouk
products for sale in Texas BBB stores, it filed a rule 202 petition in the
County Court at Law No. 2 of Denton County. 
See Tex. R. Civ. P.
202.  AMLP seeks to discover, via the
deposition of a BBB corporate representative, who is supplying Farouk products
to BBB, and at what price and volume. 

Although AMLP filed the rule
202 petition against BBB, BBB is not the target of AMLP=s potential claims.  In its
petition, AMLP stated that it was investigating potential claims against
unknown parties who sold Farouk products to BBBCnot potential claims against BBB. 
In oral argument before the trial court, AMLP asserted that it had a
potential claim because 

someone
is in breach of an agreement.  And I can=t
tell you as we stand here today whether that is Farouk, whether that is a
different distributor, whether it is a franchisee. . . . .  We are not asserting a claim here
against . . . Bed, Bath & Beyond. 
And we are not saying this information would go to a claim against
them.  It goes against the supplier, or
against their supplier, someone back up the chain.  








In other words, AMLP contemplates suit against
someone, but not BBB.

The trial court granted AMLP=s petition in part, ordering BBB to submit a corporate representative
for deposition to identify its suppliers of Farouk products but not the price
and volume of products purchased. 
Twenty-five days later, and before submitting a representative for
deposition, BBB filed this original proceeding. 
We issued an order staying proceedings in the trial court pending
resolution of BBB=s petition
for writ of mandamus.

                                               Analysis

Mandamus will issue to
correct a discovery order (1) if the order constitutes a clear abuse of
discretion and (2) there is no adequate remedy by appeal.  In re Colonial Pipeline Co., 968
S.W.2d 938, 941 (Tex. 1998) (orig. proceeding); Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). 
BBB is not entitled to mandamus relief because it has an adequate remedy
by appeal.

Rule of civil procedure 202
incorporates the equitable bill of discovery procedures previously found in
rules 187 and 737.  See Tex. R. Civ. P. 202 cmt. 2.  Consequently, the case law interpreting these
prior rules is helpful in our interpretation of rule 202.








Under both rule 202 and the
prior rules, if a petition to investigate a claim seeks discovery from a third
party against whom suit is not contemplated, then the trial court=s ruling on the petition is final and appealable.  See Ross Stores, Inc. v. Redken Labs.,
Inc., 810 S.W.2d 741, 742 (Tex. 1991); Parker v. Lindsey, No.
05-98-01249-CV, 1999 WL 446067, at *1-2 (Tex. App.CDallas June 2, 1999, pet. denied) (not designated for publication)
(both construing rule 737).  Conversely,
if the petition to investigate a claim seeks discovery from a party against
whom a suit is specifically contemplated, then the trial court=s ruling on the petition is not final and appealable, and the
appellate court must dismiss the appeal. 
See, e.g., In re Poteete, No. 02-05-00433-CV, 2006 WL 176965, at
*1 (Tex. App.CFort Worth
Jan. 26, 2006, no pet.) (mem. op.) (construing rule 202 and dismissing appeal);
Thomas v. Fitzgerald, 166 S.W.3d 746, 747 (Tex. App.CWaco 2005, no pet.) (same); Jacintoport Corp. v. Almanza, 987
S.W.2d 901, 902-03 (Tex. App.CHouston [14th Dist.] 1999, no pet.) (construing rule 737 and
dismissing appeal); In re Am. State Bank, No. 07-03-00483-CV, 2005 WL
1967262, at *2 (Tex. App.CAmarillo
Aug. 16, 2005, pet. denied) (mem. op.) (construing rule 202 and dismissing
appeal); see also IFS Sec. Group, Inc. v. Am. Equity Ins. Co., 175
S.W.3d 560, 563 (Tex. App.CDallas 2005, no pet.) (construing rule 202 and holding that denial of
request for rule 202 deposition of party against whom suit was specifically
contemplated was not appealable).








The supreme court has
explained the distinction in finality between an order on a petition that seeks
discovery from a third party against whom suit is contemplated and an
order on a petition that seeks discovery from a third party against whom suit is
not contemplated:

Bill
of discovery orders directing discovery against third parties against whom
suits are not contemplated are ends in themselves, resolving all discovery
issues between the bill of discovery plaintiff and the discovery defendant and
acting as mandatory injunctions against the discovery defendant.  Such orders are therefore final and
appealable.

 

Ross Stores, Inc., 810 S.W.2d at 742.

The facts and procedural
history of Ross Stores are remarkably like those of this case.  In that case, Redken produced hair care and
beauty products and sold them through distributorship agreements by which the
products could be sold for resale only to professional salons or licensed
cosmetology schools.  Id.  Redken discovered Ross was selling genuine
Redken products at highly competitive Adiscount@
prices.  Id.  Redken sued Ross for an equitable bill of
discovery under the predecessor to rule 202 to find out where and how Ross was
obtaining its genuine Redken products.  Id.  The trial court granted the bill of
discovery, and Ross appealed.  Id.  The court of appeals dismissed the appeal for
want of jurisdiction, holding that the order granting the bill of discovery was
not final and appealable.  Id.  Without hearing oral argument, the supreme
court reversed and remanded, holding that the trial court=s order was final and appealable because Redken did not specifically
contemplate suit against Ross; rather, it contemplated suit against Ross=s suppliers.  Id.








For the same reasons that the
court of appeals had jurisdiction over Ross=s direct appeal, this court would have jurisdiction over a direct
appeal filed by BBB.  Thus, BBB has an
adequate remedy by appeal and is not entitled to mandamus relief.  See Walker, 827 S.W.2d at 839.

We are mindful that allowing
AMLP to discover the identities of BBB=s suppliers will moot the controversy between the parties.  Therefore, our September 14, 2007 stay order
will remain in effect for seven days following the date of this opinion to give
BBB an opportunity to file a direct appeal, if it so desires.[2]  We note that in a direct appeal, the trial
court=s order may be superceded pending resolution of the appeal.  See Tex.
R. App. P. 24.

Because BBB has an adequate
remedy by appeal, we deny its petition for writ of mandamus.

PER CURIAM

 

PANEL A:   GARDNER, HOLMAN, and MCCOY, JJ.

 

DELIVERED:  December 7, 2007     











[1]See Tex. R. App. P. 47.4.





[2]BBB
filed this original proceeding twenty-five days after the trial court signed
the rule 202 order; we express no opinion as to whether a notice of appeal
filed by BBB would now be timely.