Dismissed and Memorandum Opinion filed October 9, 2008








Dismissed
and Memorandum Opinion filed October 9, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00506-CV

____________

 

KRISTOFER THOMAS KASTNER,
Appellant

 

V.

 

GUTTERMAX, L.P., FRANK FALCO, JACK
HEATH, RUSSELL LUND, and JIM MCLAUGHLIN, Appellees

 



 

On Appeal from the 127th District
Court

Harris County, Texas

Trial Court Cause No.
2007-26559

 



 

M E M O R
A N D U M   O P I N I O N

According
to the notice of appeal, this is an attempted appeal from a protective order,
signed May 12, 2008, under which the trial court granted protection for Julia
E. Vaughn, Executive Director of the Texas Board of Law Examiners, from a
notice of deposition on written questions.[1] 
We dismiss the appeal for lack of jurisdiction.

 








The underlying suit is one for damages with allegations of
libel, slander, and assault.  Appellant (plaintiff below) claimed he worked at
Guttermaxx until January 2006 when he quit.  Appellant libel and slander
claims, in part, relate to statements made to the Texas Board of Law Examiners
(TBLE).  Appellant obtained a subpoena, which was served on Julia E. Vaughn,
requesting all statements by defendants in the lawsuit and all correspondence
from the TBLE to these defendants.  Vaughn sought a protective order, which the
trial court signed on May 12, 2008.  On June 26, 2008, Vaughn filed a motion to dismiss the appeal
for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).  Vaughn claims the notice of appeal was not timely
filed and the May 12, 2008, order is not an appealable order.  The clerk=s record was filed on July 16, 2008. 


Appellant
filed his notice of appeal on June 11, 2008, a date within 15 days of the due
date for the notice of appeal.  A motion for extension of time is Anecessarily implied@ when the perfecting instrument is
filed within fifteen days of its due date.  Verburgt v. Dorner, 959
S.W.2d 615, 617 (Tex. 1997).  Appellant did not file a motion to extend time to
file the notice of appeal.  While an extension may be implied, appellant is
still obligated to come forward with a reasonable explanation to support the
late filing.  See Miller v. Greenpark Surgery Center Assocs., Ltd., 974
S.W.2d 805, 808 (Tex. App.CHouston [14th Dist.] 1998, no pet.).  We need not request a
motion containing a reasonable explanation for the late filing in this case
because we conclude the May 12, 2008, order is not appealable.








Generally, appeals may be taken only from final judgments. 
Lehmann v. Har‑Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  A
pretrial protective order is interlocutory and not appealable.  Sobel v.
Taylor, 640 S.W.2d 704, 705 (Tex. App.BHouston [14th
Dist.] 1982, no writ).  Some discovery orders are final and appealable, such as
an order in a bill of discovery suit.[2] 
A bill of discovery order is one Adirecting
discovery against third parties against whom suits are not contemplated are
ends in themselves, resolving all discovery issues between the bill of
discovery plaintiff and the discovery defendant . . . .@  Ross Stores,
Inc. v. Redken Labs, Inc., 810 S.W.2d 741, 742 (Tex. 1991); Tex. R. Civ. P. 202.  Such orders are
therefore final, appealable orders.  Id.  Conversely, if the party is
seeking discovery from a third party against whom suit is specifically contemplated,
then the trial court ruling on the discovery petition is not final and
appealable.  In re Bed Bath & Beyond, No. 02-070316-CV, 2007 WL
4292304 at *2 (Tex. App.BFort Worth Dec. 7, 2007, no pet.); In
re American State Bank, No. 07-03-00483-CV, 2005 WL 1967262 at *2 (Tex.
App.-Amarillo Aug. 16, 2005, pet. denied).

This bill of discovery exception is inapplicable here. 
Appellant did not file a petition for discovery under Rule 202.  The order
appealed is not denominated as a bill of discovery.  Finally, Vaughn is a third
party against whom suit was contemplated and filed.  Appellant filed
suit against Vaughn and the TBLE in Travis County, Texas, and that suit
concerned the same subject matter as  contemplated in the May 12, 2008, order
in this case.  The petition filed in Travis County included Vaughn as a
defendant and is included in the clerk=s record  for this
case as an exhibit to the reply of Vaughn and the TBLE to appellant=s response to the
motion for protective order.  Subsequent to the filing of the motion to
dismiss, Vaughn advised this court that the Travis County suit was dismissed. 
The clerk=s record also contains a May 25, 2007, order of the
federal district court in Austin dismissing appellant=s complaint
against Vaughn and the TBLE.  Accordingly, the discovery sought from them does
not fall under Rule 202 and the protective order from which appellant is
attempting to appeal is not a final  order.  Additionally, this order is not
one of the interlocutory orders made appealable by statute.  See Tex. Civ. Prac. & Rem. Code Ann. ' 51.014 (Vernon
Supp. 2006).

Appellant has filed a response to the motion to dismiss. 
In his response, appellant claims he is pro se and indigent and that we should
therefore forgive the untimely filing of the notice of appeal.  Appellant also
argues the merits of why the judge erred in entering the order.  Appellant does
not respond to the argument that the order is not a final, appealable order.  








Because
we find the May 12, 2008, order  in this case is not final and appealable, we
grant Vaughn=s motion to dismiss  and order the appeal dismissed.

 

PER
CURIAM

 

Judgment rendered and Memorandum Opinion filed October
9, 2008.

Panel consists of Justices Yates, Seymore, and Boyce.









[1]  The notice of appeal states that appellant seeks to
appeal an order dated May 12, 2008, and that this is an appeal of a discovery
order disallowing testimony from a state government official.





[2]  Bill of discovery suits are now called depositions before suit or to
investigate claims.  Tex. R. Civ. P. 202.