

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-08-00255-CV

## IN RE L. RANDY DENTON

_____

## Original Proceeding

## MEMORANDUM  OPINION

Randy L. Denton brings this mandamus proceeding against the trial court regarding its decision to allow the City of Midlothian to take Denton's deposition pursuant to Rule 202.  *See* TEX. R. CIV. P. 202.1, et seq.  We grant the petition for writ of mandamus.[1]

---

[1] The City of Midlothian continued to conduct discovery against Musket Corporation notwithstanding the stay issued by this Court on July 21, 2008.  We express no opinion as to whether that discovery can now be used in any way adverse to Denton.  Further, the City now asserts that because they have obtained some of the discovery sought in the underlying proceeding through other means and can now depose Denton in another proceeding, a proceeding in which he has now been added as a defendant, this mandamus proceeding is moot and should be dismissed.  Rather than making this proceeding moot, these representations made by the City amount to a judicial admission that the discovery they sought was available through other proceedings and that the use of Rule 202 was unnecessary.  This is one of the arguments made by Denton in response to the City's efforts to obtain this discovery by way of Rule 202.  Accordingly, the City of Midlothian's motion to dismiss is denied.

*Rule 202*

A deposition under Rule 202 can be taken for two distinct and separate reasons: (1) to perpetuate or obtain testimony for use in an anticipated suit; or (2) to investigate a potential claim. *Id*. 202.1 (a), (b). Which path a petitioner chooses dictates what must be done in the case. For example, if a petitioner wants to obtain testimony for use in an anticipated suit, venue is proper in any county where venue of the anticipated suit may lie. *Id*. 202.2 (b)(1). If a petitioner is investigating a potential claim, venue is proper in any county where the witness resides. *Id*. (b)(2). Further, the petitioner must state in the verified petition which path he is choosing, and if the deposition is in anticipation of a suit, the petition must state the subject matter of the anticipated suit and the petitioner's interest therein. *Id*. (e). In addition, the petition must state the names, addresses, and telephone numbers of persons the petitioner expects to have an adverse interest in the anticipated suit. *Id*. (d), (f).

The City of Midlothian specifically stated in its opening paragraph of its Rule 202 petition that it requested permission to take the deposition of Denton on oral examination to "investigate a potential claim by the City. . ." which appears to be a request under Rule 202.1(b) of the Rules of Civil Procedure. *See* TEX. R. CIV. P. 202.1(b). However, in the body of the petition, the City argued that it had an "anticipated claim" against Denton, which appears to be a request under Rule 202.1(a). *Id*. at (a). Further, at the hearing, the City vigorously asserted that it was requesting the deposition in anticipation of a suit. The statements in the petition and at argument, along with the fact that venue, although challenged by Denton because he was not a resident of Ellis

County, remained in Ellis County, lead us to the conclusion that the City was requesting a Rule 202 deposition to obtain testimony for use in an anticipated suit. We, therefore, review the mandamus under subsection (a) of Rule 202.

*Mandamus Review*

Mandamus is an extraordinary remedy, available only when a trial court abuses its discretion and when there is no adequate remedy by law, such as an appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 839, (Tex. 1992).

In this case, Denton has no adequate remedy by appeal because his only opportunity to appeal the trial court's order would occur after the depositions have occurred. *In re Hewlett Packard*, 212 S.W.3d 356, 360 (Tex. App.—Austin 2006, orig. proceeding); *In re Akzo Nobel Chemical Co.*, 24 S.W.3d 919, 920 (Tex. App.—Beaumont 2000, orig. proceeding). Furthermore, an order pursuant to Rule 202 allowing pre-suit discovery incident to an anticipated lawsuit against the party from whom the discovery is sought is not a final, appealable order. *In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008); *In re Hewlet Packard*, 212 S.W.3d at 360; *IFS Sec. Group, Inc. v. American Equity Ins. Co.*, 175

S.W.3d 560, 563 (Tex. App.—Dallas 2005, no pet.). Therefore, review of the trial court's order by mandamus is proper.[2]

*The Merits*

Ultimately, the decision a petitioner makes as to which reason he requests a Rule 202 deposition affects the finding the trial court is required to make. If the petitioner requests a deposition to obtain testimony for use in an anticipated suit, the trial court must find that allowing the petitioner to take the requested deposition may prevent a failure or delay of justice. *Id*. 202.4(a)(1). If the petitioner requests a deposition to investigate a potential claim, however, the trial court must find that the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. *Id*. (a)(2).

The City disagrees that the reason for the request determines which finding is required by the trial court. The City argues that, despite the course a petitioner chooses to request a Rule 202 deposition, the trial court need not conform its finding to that chosen course. The trial court, the argument continues, is free to make either finding, no matter what was requested. This is what the City refers to as the "either/or approach." In support of this approach, the City cites to several unpublished decisions from other courts of appeals in this State and to a decision by the Texas Supreme Court. *See In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008); *In re Campos*, No. 02-07-197-CV, 2007 WL 2013057 (Tex. App.—Fort Worth, July 12, 2007, orig. proceeding) (mem. op.); *In re*

---

[2] Pre-suit deposition orders are final and appealable if sought from someone against whom suit is *not* anticipated. *In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008); *Ross Stores, Inc. v. Redken Labs.*, Inc., 810 S.W.2d 741, 742 (Tex. 1991).

*Emergency Consultants, Inc.*, No. 14-07-00002-CV, 2007 Tex. App. LEXIS 162 (Tex. App.—

Houston [14th Dist.] Jan. 10, 2007, orig. proceeding) (per curiam); *In re Southwest Secs.*,

No. 05-99-01836-CV, 2000 Tex. App. LEXIS 3898 (Tex. App.—Dallas June 14, 2000, orig.

proceeding) (not designated for publication). These cases do not support the City's

argument.

First, in route to its decision that section 74.351(s) of the Texas Civil Practice and

Remedies Code bars the taking of Rule 202 depositions regarding health-care claims,

the Texas Supreme Court simply stated the law that pre-suit depositions are available

under Rule 202 only if a trial court makes one of two findings: allowing the petitioner to

take the requested deposition may prevent a failure or delay of justice in an anticipated

suit; or the likely benefit of allowing the petitioner to take the requested deposition to

investigate a potential claim outweighs the burden or expense of the procedure. *In re*

*Jorden*, 249 S.W.3d 416, 423 (Tex. 2008). The Supreme Court *did not* say that the trial

court was not bound by what the petitioner claimed in his petition in making its

finding.

Likewise, the court in *In re Campos*, when deciding whether the trial court abused

its discretion in ordering the deposition, merely cited to the two findings, either of

which, a trial court must find to order a pre-suit deposition. *In re Campos*, No. 02-07-

197-CV, 2007 WL 2013057. *3-4 (Tex. App.—Fort Worth, July 12, 2007, orig. proceeding)

(mem. op.). It *did not* specify which finding the trial court made, only that the trial court

abused its discretion in ordering the Rule 202 deposition because the deponent did not

have any information that would be useful to the petitioner. *Id.*

Further, in *In re Emergency Consultants, Inc.*, the Fourteenth Court of Appeals denied a writ of mandamus because Rule 202 does not require a potential litigant to *expressly* state a viable claim before being permitted to take a pre-suit deposition. *In re Emergency Consultants, Inc.*, No. 14-07-00002-CV, 2007 Tex. App. LEXIS 162 (Tex. App.—Houston [14th Dist.] Jan. 10, 2007, orig. proceeding) (per curiam). The Court *did not* discuss the relation between the reason specified by the petition for the deposition and the finding made by the trial court. The specific finding made by the trial court was not mentioned.

And last, the Dallas Court of Appeals in *In re Southwest Securities, Inc. did not* decide the Rule 202 question presented, at all. *In re Southwest Secs.*, No. 05-99-01836-CV, 2000 Tex. App. LEXIS 3898, *4 (Tex. App.—Dallas June 14, 2000, orig. proceeding) (not designated for publication). Instead, the court held that the trial court should have stayed all proceedings until after the parties have participated in their agreed-to binding arbitration. *Id*. at *6.

Accordingly, none of these cases cited by the City support the City's argument for the "either/or approach." As the City reminds us, unless a rule/statute is ambiguous, we must follow the clear language of the rule/statute. *See In re Jorden*, 249 S.W.3d 416, 423 n.32 (Tex. 2008); *Republicbank Dallas v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex. 1985). The language of the rule is clear—the trial court's finding must coincide with the reason requested for the Rule 202 deposition.

Being that the City requested a deposition in anticipation of a suit; the trial court was required to make a finding that "allowing the petitioner to take the requested

deposition may prevent a failure or delay of justice in an *anticipated suit*." TEX. R. CIV. P. 202.4(a)(1) (emphasis added). The trial court did not make that finding. Instead, it made the finding that "Rule 202.4(a)(2) applied."

It is certainly understandable why the trial court may not have made the correct required finding. An order was not presented to the trial court at the time of the hearing. And when it was presented, no finding was included in the order. It is plausible that the trial court, knowing a particular finding was required, looked to the first paragraph of the petition where the City stated that it requested the deposition to investigate a potential claim and then wrote in the corresponding finding. But that particular avenue for requesting a deposition, that is, to investigate a potential claim, under Rule 202 was later specifically disavowed by the City and is inconsistent with the venue for this proceeding.

Therefore, the trial court abused its discretion in ordering a pre-suit deposition under Rule 202 when it did not make the required finding that "allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit." TEX. R. CIV. P. 202.4(a)(1).[3]

The petition for writ of mandamus is granted. A writ will only issue if the trial court does not withdraw its Order Denying Motions to Transfer Venue and Special Exceptions and Granting Verified Petition to Take Oral Depositions signed on March

---

[3] Because of the basis of our holding, we do not reach the petitioner's argument that there are two other suits in which the deposition could be taken or that Rule 202 cannot be used in connection with an anticipated criminal claim, *i.e.*, the violation of a city ordinance.

25, 2008, and its subsequent Order on Petitioner's Motion to Compel Production of

Documents signed on June 27, 2008 within 30 days from the date of this opinion.


                                TOM GRAY
                                Chief Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Petition granted
Motion denied
Opinion delivered and filed February 25, 2009
[OT06]