IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-08-00255-CV

 

In re L.
Randy Denton

 

 



Original Proceeding

 



MEMORANDUM  Opinion



 

            Randy L. Denton brings this mandamus
proceeding against the trial court regarding its decision to allow the City of Midlothian to take Denton’s deposition pursuant to Rule 202.  See Tex. R. Civ. P. 202.1, et seq.  We
grant the petition for writ of mandamus.[1]




Rule 202

            A deposition under Rule 202 can be
taken for two distinct and separate reasons:  (1) to perpetuate or obtain
testimony for use in an anticipated suit; or (2) to investigate a potential
claim.  Id. 202.1 (a), (b).  Which path a petitioner chooses dictates
what must be done in the case.  For example, if a petitioner wants to obtain
testimony for use in an anticipated suit, venue is proper in any county where
venue of the anticipated suit may lie.  Id. 202.2 (b)(1).  If a
petitioner is investigating a potential claim, venue is proper in any county
where the witness resides.  Id. (b)(2).  Further, the petitioner must
state in the verified petition which path he is choosing, and if the deposition
is in anticipation of a suit, the petition must state the subject matter of the
anticipated suit and the petitioner’s interest therein.  Id. (e).  In
addition, the petition must state the names, addresses, and telephone numbers
of persons the petitioner expects to have an adverse interest in the
anticipated suit.  Id. (d), (f).  

            The City of Midlothian specifically
stated in its opening paragraph of its Rule 202 petition that it requested
permission to take the deposition of Denton on oral examination to “investigate
a potential claim by the City. . .” which appears to be a request under Rule
202.1(b) of the Rules of Civil Procedure.  See Tex. R. Civ. P. 202.1(b).  However, in the body of the
petition, the City argued that it had an “anticipated claim” against Denton,
which appears to be a request under Rule 202.1(a).  Id. at (a).  
Further, at the hearing, the City vigorously asserted that it was requesting
the deposition in anticipation of a suit.  The statements in the petition and
at argument, along with the fact that venue, although challenged by Denton
because he was not a resident of Ellis County, remained in Ellis County, lead
us to the conclusion that the City was requesting a Rule 202 deposition to
obtain testimony for use in an anticipated suit.  We, therefore, review the
mandamus under subsection (a) of Rule 202.

Mandamus Review

            Mandamus is an extraordinary remedy,
available only when a trial court abuses its discretion and when there is no
adequate remedy by law, such as an appeal.  In re Ford Motor Co., 165
S.W.3d 315, 317 (Tex. 2005); Johnson v. Fourth Court of Appeals, 700
S.W.2d 916, 917 (Tex. 1985).  A trial court abuses its discretion if it reaches
a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law or if it clearly fails to correctly analyze or apply
the law.  Walker v. Packer, 827 S.W.2d 833, 839, (Tex. 1992).  

            In this case, Denton has no adequate
remedy by appeal because his only opportunity to appeal the trial court's order
would occur after the depositions have occurred.  In re Hewlett Packard,
212 S.W.3d 356, 360 (Tex. App.—Austin 2006, orig. proceeding); In re Akzo
Nobel Chemical Co., 24 S.W.3d 919, 920 (Tex. App.—Beaumont 2000, orig.
proceeding).  Furthermore, an order pursuant to Rule 202 allowing pre-suit
discovery incident to an anticipated lawsuit against the party from whom the
discovery is sought is not a final, appealable order.  In re Jorden, 249
S.W.3d 416, 419 (Tex. 2008); In re Hewlet Packard, 212 S.W.3d at 360; IFS
Sec. Group, Inc. v. American Equity Ins. Co., 175 S.W.3d 560, 563 (Tex. App.—Dallas 2005, no pet.).  Therefore, review of the trial court’s order by mandamus
is proper.[2]

The Merits

            Ultimately, the decision a petitioner
makes as to which reason he requests a Rule 202 deposition affects the finding
the trial court is required to make.  If the petitioner requests a deposition
to obtain testimony for use in an anticipated suit, the trial court must find that
allowing the petitioner to take the requested deposition may prevent a failure
or delay of justice.  Id. 202.4(a)(1).  If the petitioner requests a
deposition to investigate a potential claim, however, the trial court must find
that the likely benefit of allowing the petitioner to take the requested
deposition to investigate a potential claim outweighs the burden or expense of
the procedure.  Id. (a)(2).

            The City disagrees that the reason for
the request determines which finding is required by the trial court.  The City
argues that, despite the course a petitioner chooses to request a Rule 202
deposition, the trial court need not conform its finding to that chosen
course.  The trial court, the argument continues, is free to make either
finding, no matter what was requested.  This is what the City refers to as the
“either/or approach.”  In support of this approach, the City cites to several
unpublished decisions from other courts of appeals in this State and to a
decision by the Texas Supreme Court.  See In re Jorden, 249
S.W.3d 416, 419 (Tex. 2008); In re Campos, No. 02-07-197-CV, 2007 WL 2013057 (Tex. App.—Fort Worth, July 12, 2007, orig. proceeding) (mem. op.); In re Emergency Consultants, Inc., No. 14-07-00002-CV, 2007 Tex. App. LEXIS 162 (Tex. App.—Houston [14th Dist.] Jan. 10, 2007, orig. proceeding) (per curiam); In re Southwest Secs., No. 05-99-01836-CV, 2000 Tex. App. LEXIS
3898 (Tex. App.—Dallas June 14, 2000, orig. proceeding) (not designated for publication).  These cases do not support the City’s argument.

            First, in route to its decision that
section 74.351(s) of the Texas Civil Practice and Remedies Code bars the taking
of Rule 202 depositions regarding health-care claims, the Texas Supreme Court
simply stated the law that pre-suit depositions are available under Rule 202
only if a trial court makes one of two findings: allowing the petitioner to
take the requested deposition may prevent a failure or delay of justice in an
anticipated suit; or the likely benefit of allowing the petitioner to take the
requested deposition to investigate a potential claim outweighs the burden or
expense of the procedure.  In re Jorden, 249 S.W.3d 416, 423 (Tex. 2008).  The Supreme Court did not say that the trial court was not bound by
what the petitioner claimed in his petition in making its finding.

            Likewise, the court in In re Campos,
when deciding whether the trial court abused its discretion in ordering the
deposition, merely cited to the two findings, either of which, a trial court
must find to order a pre-suit deposition.  In re Campos, No. 02-07-197-CV, 2007 WL 2013057. *3-4 (Tex. App.—Fort Worth, July 12, 2007, orig. proceeding) (mem. op.).  It did not specify which finding the trial court made,
only that the trial court abused its discretion in ordering the Rule 202
deposition because the deponent did not have any information that would be
useful to the petitioner.  Id.

            Further, in In re Emergency
Consultants, Inc., the Fourteenth Court of Appeals denied a writ of
mandamus because Rule 202 does not require a potential litigant to expressly
state a viable claim before being permitted to take a pre-suit deposition.  In
re Emergency Consultants, Inc., No. 14-07-00002-CV, 2007 Tex. App. LEXIS
162 (Tex. App.—Houston [14th Dist.] Jan. 10, 2007, orig. proceeding) (per curiam).  The Court did not discuss the relation between the reason
specified by the petition for the deposition and the finding made by the trial
court.  The specific finding made by the trial court was not mentioned.

            And last, the Dallas Court of Appeals
in In re Southwest Securities, Inc. did not decide the Rule 202
question presented, at all.  In re Southwest Secs., No. 05-99-01836-CV,
2000 Tex. App. LEXIS 3898, *4 (Tex. App.—Dallas June 14, 2000, orig. proceeding) (not designated for publication).  Instead, the court held that the trial
court should have stayed all proceedings until after the parties have
participated in their agreed-to binding arbitration.  Id. at *6.

            Accordingly, none of these cases cited
by the City support the City’s argument for the “either/or approach.”  As the
City reminds us, unless a rule/statute is ambiguous, we must follow the clear
language of the rule/statute.  See In re Jorden, 249 S.W.3d 416,
423 n.32 (Tex. 2008); Republicbank Dallas v. Interkal, Inc., 691 S.W.2d
605, 607 (Tex. 1985).  The language of the rule is clear—the trial court’s
finding must coincide with the reason requested for the Rule 202 deposition.

            Being that the City requested a
deposition in anticipation of a suit; the trial court was required to make a
finding that “allowing the petitioner to take the requested deposition may
prevent a failure or delay of justice in an anticipated suit.”  Tex. R. Civ. P. 202.4(a)(1) (emphasis
added).  The trial court did not make that finding.  Instead, it made the finding
that “Rule 202.4(a)(2) applied.”  

            It is certainly understandable why the
trial court may not have made the correct required finding.  An order was not
presented to the trial court at the time of the hearing.  And when it was
presented, no finding was included in the order.  It is plausible that the
trial court, knowing a particular finding was required, looked to the first
paragraph of the petition where the City stated that it requested the
deposition to investigate a potential claim and then wrote in the corresponding
finding.  But that particular avenue for requesting a deposition, that is, to
investigate a potential claim, under Rule 202 was later specifically disavowed
by the City and is inconsistent with the venue for this proceeding.  

            Therefore, the trial court abused its
discretion in ordering a pre-suit deposition under Rule 202 when it did not
make the required finding that “allowing the petitioner to take the requested
deposition may prevent a failure or delay of justice in an anticipated suit.”  Tex. R. Civ. P. 202.4(a)(1).[3]

            The petition for writ of mandamus is
granted.  A writ will only issue if the trial court does not withdraw its Order
Denying Motions to Transfer Venue and Special Exceptions and Granting Verified
Petition to Take Oral Depositions signed on March 25, 2008, and its subsequent Order on Petitioner’s Motion to Compel Production of Documents signed on June 27, 2008 within 30 days from the date of this opinion.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Petition
granted

Motion
denied

Opinion
delivered and filed February 25, 2009

[OT06]









[1] The
City of Midlothian continued to conduct discovery against Musket Corporation
notwithstanding the stay issued by this Court on July 21, 2008.  We express no opinion as to whether that discovery can now be used in any way adverse to Denton.  Further, the City now asserts that because they have obtained some of the
discovery sought in the underlying proceeding through other means and can now
depose Denton in another proceeding, a proceeding in which he has now been
added as a defendant, this mandamus proceeding is moot and should be
dismissed.  Rather than making this proceeding moot, these representations made
by the City amount to a judicial admission that the discovery they sought was
available through other proceedings and that the use of Rule 202 was
unnecessary.  This is one of the arguments made by Denton in response to the
City’s efforts to obtain this discovery by way of Rule 202.  Accordingly, the
City of Midlothian’s motion to dismiss is denied.





[2]
Pre-suit deposition orders are final and appealable if sought from someone
against whom suit is not anticipated.  In re Jorden, 249 S.W.3d
416, 419 (Tex. 2008); Ross Stores, Inc. v. Redken Labs., Inc., 810
S.W.2d 741, 742 (Tex. 1991).





[3]
Because of the basis of our holding, we do not reach the petitioner’s argument
that there are two other suits in which the deposition could be taken or that
Rule 202 cannot be used in connection with an anticipated criminal claim, i.e.,
the violation of a city ordinance.