COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| IN RE | § | No. 08-09-00260-CV |
| CASTRO ENTERPRISES, INC., | § | An Original Proceeding |
|  | § | in Mandamus |
| RELATOR | § |  |

**OPINION ON PETITION FOR WRIT OF MANDAMUS**

Relator, Castro Enterprises, Inc., asks this Court to issue a writ of mandamus against the

Honorable Javier Alvarez, sitting by assignment for the 34th District Court of El Paso County,

Texas.  The Relator has the burden of providing this Court with a record sufficient to establish its

right to mandamus relief.  *See* TEX.R.APP.P. 52.7(a); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.

1992)(holding it is the relator's burden to provide this Court with a sufficient record to establish his

or her right to mandamus relief).  The record filed by Relator is deficient for two reasons.  First, there

is no index for the two-volume, 592-page appendix.  TEX.R.APP.P. 52.7(c)(2)(requiring an index

listing the materials filed and describing them in sufficient detail to identify them).[1]  Second, Relator

has not provided a reporter's record of the hearing on its motion to compel arbitration nor has it

explained why a reporter's record will not be filed.  *See* TEX.R.APP.P. 52.7(a)(2)(requiring relator

---

[1] In the verification of the mandamus record, Relator's counsel refers to Tabs 1 through 14, but the various documents contained in the appendix are not separated by tabs.  Although not specifically required by Rule 52.7, common sense dictates that documents in an appendix should be separated by tabs or that a voluminous appendix be accompanied by an index with page numbers indicating where each document begins in the same way that an index is prepared for a clerk's record in an appeal.

to file with the petition a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter); *Walker*, 827 S.W.2d at 837. Given the state of the record before us, we conclude Relator has failed to show it is entitled to mandamus relief. Accordingly, we deny mandamus relief. *See* TEX.R.APP.P. 52.8(a).


November 18, 2009

                                                DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.