**Opinion issued April 2, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-01106-CV

————————————

## IN RE VIKAS ANAND, RAYMOND DRENNON, AND RADHA THIAGARAJAN, Relators

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

In this original proceeding, Relators, Vikas Anand, Raymond Drennon, and Radha Thiagarajan, seek mandamus review of the trial court's order granting Real Party in Interest Michael P. Fleming & Associates's petition for pre-suit

depositions under Texas Rule of Civil Procedure 202.[1]  Relators assert that the trial court abused its discretion by: (1) granting Fleming's petition for pre-suit depositions without a sufficient showing under Rule 202; and (2) overruling Relators' objections to document requests.  We deny the petition for writ of mandamus.

## Background

Relators, Vikas Anand, Raymond Drennon, and Radha Thiagarajan, seek mandamus review of the trial court's order granting pre-suit depositions under Texas Rule of Civil Procedure 202.  On behalf of former employees of Gratis Cellular, Inc. (GCI), real party in interest Michael P. Fleming & Associates filed a lawsuit in federal court against GCI and Anand, owner of GCI, under the Fair Labor Standard Act (FLSA) for failure to properly pay overtime wages and minimum wage.  After that lawsuit was filed, Fleming alleges that Relators began contacting its clients with threats for Fleming's clients to drop the lawsuit. Fleming filed a Verified Petition Requesting Deposition to Investigate Potential Claim or Suit Pursuant to Texas Rule of Civil Procedure 202 in Harris County Court at Law No. 3, seeking to depose Anand, Drennon, operations manager of GCI, Thiagarajan, legal counsel for GCI in the FLSA lawsuit, and a designated

---

[1]  The underlying case is *In re Petition of Michael P. Fleming & Associates, P.C.*, No. 1023395, in the Harris County Court at Law No. 3, the Honorable Linda Storey, presiding.

2

corporate representative of GCI, in order to investigate potential claims against them based on the alleged tortious interference with Fleming's clients in the FLSA lawsuit. Fleming also requested that each deposition witness produce certain documents.

On December 4, 2012, the trial court held a hearing on Fleming's Rule 202 petition and, after considering the pleadings, evidence, and arguments of counsel, found that the likely benefit of allowing Fleming to conduct the requested depositions to investigate its potential claim outweighed the burden or expense of the procedure and, therefore, granted Fleming's petition. Relators filed a motion for reconsideration and a motion to strike the affidavits attached to Fleming's petition. On December 11, 2012, the trial court held a hearing on Relators' motion for reconsideration and stated that Relators were not required to produce privileged communications between Thiagarajan and Anand, Drennon, or other representatives of GCI. The trial court also stated that Relators were not required to produce any documents containing trade secrets. However, at the conclusion of the hearing, the trial court overruled all objections and denied Relators' motion for reconsideration. The following day, Relators filed this petition for writ of mandamus.

**Discussion**

Relators assert that the trial court abused its discretion by: (1) granting Fleming's petition for pre-suit depositions without a sufficient showing under Rule 202; and (2) overruling Relators' objections based on privilege and work product and ordering Relators to produce documents.

**A.      Applicable Law**

Mandamus relief is an extraordinary remedy and is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Frank Motor Co.*, 361 S.W.3d 628, 630 (Tex. 2012) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)). A writ of mandamus may be appropriate to challenge a trial court's order for pre-suit depositions. *See In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding); *In re Emergency Consultants, Inc.*, 292 S.W.3d 78, 80 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding) (citing *In re Hewlett Packard*, 212 S.W.3d 356, 360 (Tex. App.—Austin 2006, orig. proceeding)).

Rule 202.1 permits a person to petition the court for authorization to take a deposition before suit is filed either to "perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit [or] investigate a potential claim or suit." TEX. R. CIV. P. 202.1. A Rule 202 petition must: (1) be verified; (2) be filed in the proper county; (3) be in the name of the petitioner; (4)

state that either the petitioner anticipates that suit will be filed or petitioner seeks to investigate a potential claim; (5) state the subject matter of the anticipated action, if any, and the petitioner's interest therein; (6) state the names, addresses, and telephone numbers (or a description of the persons if names, addresses, and telephone numbers cannot be ascertained) of the persons petitioner expects to have interests adverse to petitioner's if suit is anticipated; (7) state the names, addresses, and telephone number of the persons to be deposed, the substance of the testimony, and the reasons why such testimony is desired; and (8) request an order authorizing the petitioner to take the depositions of the persons named in the petition. TEX. R. CIV. P. 202.2. If the trial court orders a deposition to be taken under this rule, it must find that either: (1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit; or (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. TEX. R. CIV. P. 202.4(a).

**B.      Insufficient Showing under Rule 202**

In their first issue, Relators argue that Fleming did not make a sufficient showing under Rule 202 because: (1) there was no evidence (in the form of testimony, affidavits, or otherwise) admitted at the hearing on the petition; (2) even if the trial court could rely on the affidavits attached to the petition, these affidavits

5

are not competent proof because they contain hearsay statements; and (3) Fleming failed to satisfy its burden under Rule 202 that the benefit of allowing Fleming to take the requested depositions outweighs the burden on Relators. In response, Fleming contends the opposite—that the exhibits attached to the 202 petition, including the affidavits, were admitted as evidence without any objections by Relators. Additionally, Fleming contends that Relators did not raise a hearsay objection to the affidavits in their response to Fleming's petition and did so only in their motion to strike the affidavits, which was filed on December 9, 2012, five days after the hearing on the petition.

Relators have not provided a reporter's record of the December 4, 2012 hearing on Fleming's Rule 202 petition nor have they explained why a reporter's record will not be filed. *See* TEX. R. APP. P. 52.7(a)(2) (requiring relator to file with petition "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained"); *see also In re Castro Enters., Inc.*, 349 S.W.3d 9, 9–10 (Tex. App.—El Paso 2009, orig. proceeding) (concluding that relator failed to show it was entitled to mandamus relief where relator neither provided court with reporter's record of hearing nor explained why reporter's record would not be filed). As Relators are requesting mandamus relief, it is their burden to present this court with a sufficient

6

record to establish their right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 314 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

Given the lack of a reporter's record containing the December 4, 2012 hearing on Fleming's Rule 202 petition, Relators have failed to show they are entitled to mandamus relief on this issue.

## C.    Production of Documents

In their second issue, Relators contend that the trial court abused its discretion by overruling their attorney-client communication privilege and work product objections and ordering the production of documents in connection with the Rule 202 depositions. First, Relators argue that Fleming is attempting a form of discovery—production of documents—not permitted by Rule 202. Second, Relators maintain that the trial court erred by requiring Relators to produce documents, which include communications between each other, other employees of GCI, and Fleming's clients, because these documents constitute work product or attorney-client communications.

With respect to Relators' first contention that the production of documents is not permitted by Rule 202, there is nothing in the language of Rule 202 that prohibits the petitioner from requesting that documents be produced along with the deposition. Furthermore, Rule 202.5 expressly provides that "depositions

authorized by this rule are governed by the rules applicable to depositions of nonparties in a pending suit." TEX. R. CIV. P. 202.5. The rule further provides that "[t]he scope of discovery in depositions authorized by this rule is the same as if the anticipated suit or potential claim had been filed." *Id.* Rule 205, which governs discovery of nonparties, permits a party to compel discovery from a nonparty by serving a subpoena compelling "a request for production of documents or tangible things . . . served with a notice of deposition on oral examination or written questions." TEX. R. CIV. P. 205.1(c). Therefore, the language of these rules when read together permits a petition seeking a pre-suit deposition under Rule 202 to also request the production of documents.

Turning to Relators' second point, we note that the record does not make clear whether the trial court in fact overruled Relators' claims of privilege. The record of the hearing on Relators' motion for reconsideration reflects that the trial court initially concluded that Relators were not required to produce communications between Thiagarajan and the other Relators or other representatives of GCI, to the extent that those communications were covered by attorney-client communication privilege or the work-product privilege. At the conclusion of the hearing, however, the trial court stated that all objections were overruled. Further, although the trial court requested that the parties draft an order reflecting the trial court's rulings, no such order is included in the record.

8

We conclude that Relators have failed to demonstrate, on this record, that they are entitled to mandamus relief.  However, because we cannot determine how the trial court ruled on Relators' privilege claims, this opinion should not be read to preclude Relators from withholding privileged documents pursuant to Texas Rule of Civil Procedure 193.3.

Accordingly, the stay previously ordered by this court is lifted, and the petition for writ of mandamus is denied.

**PER CURIAM**

Panel consists of Justices Keyes, Sharp, and Huddle.