**Opinion issued June 19, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00783-CV

_____

## IN RE SUSAN BAILEY-NEWELL, MARGARET VAN BREE, LISA MAY EVANS, AND ST. LUKE'S HEALTH SYSTEM, Relators

---

### Original Proceeding on Petition for Writ of Mandamus

---

## O P I N I O N[1]

In this original proceeding, Relators Susan Bailey-Newell, Margaret Van Bree, Lisa May Evans and St. Luke's Health System seek mandamus relief from the trial court's order granting pre-suit depositions and requests for documents under Texas Rule of Civil Procedure 202. Real Party in Interest Mercedes Tang, a former St. Luke's employee, filed the Rule 202 petition the day after St. Luke's

---

[1] The underlying case is *In re Petition of Mercedes Y. Tang*, No. 1035474, in the Harris County Court at Law No. 3, the Honorable Lamar McCorkle, presiding.

terminated her employment. In the Rule 202 petition, Tang alleged that St. Luke's fired her in retaliation for her opposition to St. Luke's allegedly discriminatory employment practices. Relators contend that the trial court clearly abused its discretion in granting the Rule 202 petition because doing so permitted Tang to use Rule 202 to circumvent the Texas Labor Code's mandatory, jurisdictional requirement that Tang exhaust her administrative remedies before seeking redress for her allegedly wrongful termination. We stayed the trial court's order pending the outcome of this proceeding, and we now conditionally grant mandamus relief.

**Background**

Tang worked as the Director of Patient Services for St. Luke's Hospital for approximately four years, until her employment was terminated on August 7, 2013. On August 8, 2013, Tang filed a verified Rule 202 petition seeking to "investigate potential claims" against Relators.

According to Tang's Rule 202 petition, Evans, a recently hired Senior Vice President, had recommended terminating another employee based on her age, and Tang opposed and reported this discriminatory practice. Tang further alleged that "immediately, [St. Luke's] began to retaliate against Tang which ultimately led to her termination." Further, the petition alleges that Relators' actions "are obviously unethical and potentially give rise to violations of the Texas Labor Code." Accordingly, Tang requested "testimony and evidence . . . to determine whether a

claim should be pursued or if litigation should be instituted for violations of the Texas Labor Code." Tang asserted that the benefit of allowing the depositions outweighed the burden or expense of the procedure because, without the discovery, Tang did not know if a claim should be pursued or against whom. Tang also alleged that prompt discovery was necessary because St. Luke's was "in the process of merging with [Catholic Health Initiatives] and [Tang] does not want [Relators] to magically misplace important communications and other documents." Their petition made no mention of any potential cause of action outside the Texas Labor Code.

In its verified response to the petition, St. Luke's described Tang's Rule 202 petition as "a transparent attempt to circumvent the well-established administrative prerequisites to bringing a retaliation claim, a thinly-veiled effort to harass St. Luke's and the individual respondents, and clear pretext to engage in an unfettered fishing expedition into issues far beyond the scope of her potential claim." St. Luke's argued that Tang was not entitled to pre-suit depositions under Rule 202 because she had not yet exhausted her administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission.

In reply to Relators' response, Tang first alleged that she also might have claims for intentional infliction of emotional distress, libel, and slander. These claims were not, however, mentioned in Tang's original Rule 202 petition, and a

fair reading of Tang's pleadings indicates that any potential claim for intentional infliction of emotional distress, libel or slander would be based on the same facts that underlie Tang's retaliation claim.

After a hearing, the trial court granted Tang's Rule 202 petition, and Relators filed this original proceeding and a motion for emergency stay, arguing that Tang's failure to exhaust administrative remedies as required by the Labor Code deprived the trial court of jurisdiction to order the depositions. We granted the motion to stay, and now we conditionally grant mandamus relief.

## Discussion

### A. Standard of Review

We may issue a writ of mandamus to correct a trial court's clear abuse of discretion or violation of duty imposed by law where no "adequate" remedy by appeal exists. *See In re Prudential Ins. Co. of America,* 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). A clear abuse of discretion occurs when the trial court's decision is so arbitrary and capricious that it amounts to clear error. *See id.* Because a trial court has no discretion in determining what the law is, it is said to abuse its discretion if it interprets or applies the law incorrectly. *See id.* at 840.

**B.     Analysis**

As a threshold matter, Tang argues that this Court lacks jurisdiction because the order from which Relators seek relief is not a final, appealable judgment,[2] and Relators have no statutory right to an interlocutory appeal.  This argument ignores that mandamus review is appropriate here because there is no adequate remedy on appeal.  *See In re Hewlett Packard*, 212 S.W.3d 356, 360 (Tex App.—Austin 2006, orig. proceeding) ("mandamus is proper and we review the trial court's order granting Dell's Verified Petition to take Depositions Before Suit under an abuse of discretion standard");  *In re Akzo Nobel Chemical Co.*, 24 S.W.3d 919, 920 (Tex. App.—Beaumont 2000, orig. proceeding) ("Relators have no adequate remedy on appeal . . . [t]hus, mandamus is Relators' only remedy.").  This is because the only opportunity to appeal such an order would occur after the deposition has taken place.  *Id*.  We hold that we have jurisdiction.  *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004).

Texas Rule of Civil Procedure 202 permits a party to petition a court for an order authorizing depositions or written questions to (1) perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit, or (2) to investigate a potential claim or suit.  TEX. R. CIV. P. 202.1.  To obtain

---

[2] An order allowing pre-suit discovery incident to an anticipated lawsuit against the party from whom the discovery is sought is not a final, appealable order.  *In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008);  *In re Hewlett Packard*, 212 S.W.3d 356, 360 (Tex App.—Austin 2006, orig. proceeding).

5

depositions under Rule 202, a petitioner must demonstrate and the trial court must find that (1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit, or (2) the likely benefit of allowing the petitioner to take the requested deposition outweighs the burden or expense of the procedure. Rule 202 depositions, however, are not now and never have been intended for routine use. *In re Jorden*, 249 S.W.3d at 423 (noting practical and due process problems with demanding discovery from someone before telling them what the issues are).

The Texas Supreme Court has directed courts to "strictly limit and carefully supervise pre-suit discovery to prevent abuse of [Rule 202.]" *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011). Because Rule 202 pre-suit discovery is merely an aid of an anticipated suit, as opposed to an end within itself, Rule 202 may not be used to circumvent discovery limitations that would govern the anticipated suit. *Id*. Accordingly, discovery under Rule 202 should be the "same as if the anticipated suit or potential claim had been filed." *Id*; *see also In re Jorden*, 249 S.W.3d at 418 (holding that Rule 202 may not be used to obtain discovery in anticipated health care liability suits before the Rule 202 petitioner serves expert reports in accordance with requirements of Civil Practice and Remedies Code § 74.351(s)).

Here, Tang's Rule 202 petition states that she sought pre-suit discovery to "investigate a potential retaliation claim or suit under the Texas Labor Code." "It is beyond serious dispute that the Texas Commission on Human Rights Act requires a complainant to first exhaust his administrative remedies before filing a civil action." *Lueck v. State*, 325 S.W.3d 752, 761–62 (Tex. App.—Austin 2010, pet. denied) (noting that authorities of Texas Supreme Court hold that administrative procedures are an "essential feature of the statutory framework" and are jurisdictional). Accordingly, Tang's contemplated retaliation claim under the Texas Labor Code would be subject to exhaustion of administrative remedies, and Tang cannot circumvent the statutorily required administrative procedures through the use of Rule 202. *See In re Wolfe*, 341 S.W.3d at 933; *In re Jorden*, 249 S.W.3d at 418.

Tang contends that she is entitled to Rule 202 discovery because, one day before the hearing and after the respondents had pointed out that Tang was attempting to circumvent the Labor Code's exhaustion requirement, Tang mentioned for the first time that she also anticipated bringing common law claims. Specifically, Tang's reply states that "the subject matter of the anticipated action would include claims for intentional infliction of emotional distress, libel and slander." Even if Tang anticipated bringing claims that are not subject to the Labor Code's exhaustion requirements, those claims arise from the same facts and are

thus intertwined with Tang's retaliation claim. The Legislature's chosen policy was to create an administrative scheme in which to address claims like those asserted by Tang. That well-established and mandatory administrative scheme vests the Commission with exclusive jurisdiction and requires claimant to exhaust administrative remedies before seeking redress in court. Courts may not undercut or allow claimants to bypass this legislative policy by permitting pre-suit discovery under Rule 202. *See In re Jorden*, 249 S.W.3d at 423 (noting that when the Legislature enacted §74.351, it expressly found that the benefits of deposing health care providers *do not* outweigh the burden and expense involved until after an expert report is served, and that "[c]ourts should not disturb that balance or graft additional exceptions onto the statute absent constitutional concerns").

## Conclusion

We conditionally grant Relators' mandamus petition. We direct the trial court to vacate its August 30, 2013 order permitting the pre-suit depositions and document requests. We are confident the trial court will comply, and our writ will issue only if it does not.

Rebeca Huddle
Justice

Panel consists of Justices Keyes, Sharp and Huddle.

8