**Opinion issued December 6, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00187-CV

———————————

## INTERNATIONAL ASSOCIATION OF DRILLING CONTRACTORS, Appellant

## V.

## ORION DRILLING COMPANY, LLC AND INTEGRATED DRIVE SYSTEMS, LLC, Appellees

On Appeal from the 190th District Court
Harris County, Texas
Trial Court Case No. 2015-73975

## O P I N I O N

This is an appeal from a trial court's order authorizing a deposition under Texas Rule of Civil Procedure 202. *See* TEX. R. CIV. P. 202. Orion Drilling Company, LLC and Integrated Drive Systems, LLC requested the deposition of a

corporate representative of the International Association of Drilling Contractors. Orion and Integrated seek disclosure of the identity of the person who reported an incident to the Association, so that Orion and Integrated might investigate potential claims based on allegedly false statements made in the published report.

The Association contends that (1) discovery into the identity of its informant violates the First Amendment to the United States Constitution, (2) the Texas Free Flow of Information Act protects the identifying information from disclosure; (3) the petition fails to satisfy the requirements of Rule 202, and (4) the order circumvents the Texas Citizens' Participation Act. We hold that the requested discovery does not violate the First Amendment, the Association waived any challenge under the Free Flow of Information Act, and the trial court acted within its discretion in ordering the deposition. We further hold that the order does not circumvent the TCPA, because the Association did not move to dismiss the proceeding under the TCPA. We therefore affirm.

## BACKGROUND

The Association is a non-profit organization based in Houston. Its members are participants in the global oil and gas drilling industry. Both Orion and Integrated are Association members.

The Association distributes reports of mishaps and accidents via emails that link recipients to the Association's safety alerts, which are hosted on its website.

2

Since the program began in 1998, the Association has published nearly 700 safety alerts. To report an incident, a person completes a "Drilling Near-Miss/Hit Report" form, also found on the Association's web site. Among other information, an informant must provide: (1) the informant's name, email address, supervisor, and safety manager; (2) the date and time of the incident; and (3) the company, division, and drilling rig where the incident occurred.

The form asks, "May we use this information anonymously for an [Association] Safety Alert?" Immediately below this question, the form states, "Company name and information WILL NOT be used in Safety Alert (emphasis original).

In November 2015, the Association received an incident report. The reported incident occurred on an Orion rig that at the time was using Integrated's control systems. The Association issued a safety alert describing the reported incident via its email distribution list. The alert recounted that equipment had dropped to the rig floor while workers were present. The drop resulted in equipment damage and a "near miss to personnel." The alert attributed the incident to a problem with Integrated's software and hardware configuration and Integrated's safety processes.

Although the Association typically redacts company names and identifying information from its safety alerts, this alert contained the name of the rig and its

3

location, and named Integrated.   Just over an hour after the Association distributed the email, Integrated called the Association to complain about the alert's contents. The Association then took the alert permanently offline.

Orion and Integrated requested that the Association identify the person who had reported the incident.  The Association refused, citing its desire to maintain the confidentiality of its sources.  Orion and Integrated then filed the Rule 202 petition. After a hearing, the trial court ruled that the petition had merit and "the likely benefit of allowing . . . the requested deposition to investigate their potential claims outweighs the burden or expense of the procedure."  The trial court limited the scope of the deposition to "[t]he identity of the source of the information provided to [the Association] that is included in [the] Safety Alert" and "[a]ll communications with the informant . . . concerning the information in [the] Safety Alert . . . ."

## DISCUSSION

### I.    Texas Rule of Civil Procedure 202

Texas Rule of Civil Procedure 202 authorizes pre-suit discovery to investigate a claim in limited circumstances, when ordered by a trial court.  TEX. R. CIV. P. 202.1(b).  A Rule 202 petition must: (1) be verified; (2) be filed in the proper county in the name of the petitioner; (3) state that petitioner seeks to investigate a claim; (4) state the subject matter of the claim and the petitioner's

4

interest in it; (5) identify the parties that the petitioner expects to have interests adverse to petitioner's; and (6) identify the person to be deposed, the areas of inquiry, and need for the testimony. *In re Anand*, No. 01-12-01106-CV, 2013 WL 1316436, at *2 (Tex. App.—Houston [1st Dist.] Apr. 2, 2013, orig. proceeding) (mem. op.) (per curiam) (citing Tex. R. Civ. P. 202.2).

To authorize a deposition, the trial court must find that taking the deposition "may prevent a failure or delay of justice in an anticipated suit" or "the likely benefit . . . outweighs the burden or expense of the procedure." Tex. R. Civ. P. 202.4(a).

We review a trial court's order granting a deposition under Rule 202 for an abuse of discretion. *In re Bailey-Newell*, 439 S.W.3d 428, 431 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (citing *In re Hewlett Packard*, 212 S.W.3d 356, 360 (Tex. App.—Austin 2006, orig. proceeding)); *see also eBay Inc. v. Mary Kay Inc.*, No. 05-14-00782-CV, 2015 WL 3898240, at *3 (Tex. App.—Dallas June 25, 2015, pet. denied) (mem. op.) (citing *Patton Boggs LLP v. Moseley*, 394 S.W.3d 565, 568–69 (Tex. App.—Dallas 2011, orig. proceeding)). A trial court abuses its discretion when its decision is arbitrary and capricious. *In re Bailey-Newell*, 439 S.W.3d at 431. A trial court has no discretion in determining what the law is; thus, if the ruling interprets or applies the law incorrectly, a party is entitled to relief under an abuse-of-discretion standard. *Id.*

The Texas Supreme Court has directed courts to "strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule." *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011).

## II.    Jurisdiction

As a threshold matter, we consider our jurisdiction to hear this appeal. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (citing *N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex. 1990)). An order authorizing pre-suit discovery incident to an anticipated lawsuit is not an appealable order. *In re Bailey-Newell*, 439 S.W.3d at 431; *see In re Hewlett Packard*, 212 S.W.3d at 360 ("[A]n order pursuant to rule 202 allowing pre-suit discovery incident to a contemplated lawsuit against the party from whom the discovery is sought is not a final, appealable order."). By contrast, an order granting a pre-suit deposition is appealable "if [the deposition is] sought from someone against whom suit is *not* anticipated." *In re Jorden*, 249 S.W.3d 416, 419 & n.7 (Tex. 2008) (citing *Ross Stores, Inc. v. Redken Labs., Inc.*, 810 S.W.2d 741, 742 (Tex. 1991)); *Ross Stores*, 810 S.W.2d at 742 (holding that pre-suit discovery order is final and appealable when discovery proceeding was brought "against third parties against whom suits are not contemplated").

The parties agree that Orion and Integrated do not anticipate bringing a suit against the Association, but seek the deposition to discover the identity of a

6

potential defendant—namely, the person who reported the incident to the Association. Thus, the order requiring the deposition is final and appealable. *See In re Jorden*, 249 S.W.3d at 419 & n.7; *Ross Stores*, 810 S.W.2d at 742. Accordingly, we hold that we have jurisdiction over this appeal.

## III.   Privilege from Disclosure

### A.   The First Amendment does not protect from disclosure the information that the informant provided to the Association.

The Association contends that requiring it to disclose the author of the incident report to two of its members violates the First Amendment to the United States Constitution. The Association contends that the person who reported the incident has a right to speak anonymously in these circumstances and that forcing disclosure would chill its publication of safety information that is beneficial to its members and to the public.

Orion and Integral respond that this case does not implicate a First Amendment right to speak anonymously, because a reasonable person under the circumstances would not understand the report to be made anonymously and the Association does not proffer any evidence that the reporting individual subjectively believed that the report would be anonymous.

The Supreme Court of the United States has held that "an author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the

7

First Amendment." *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342, 115 S. Ct. 1511, 1516 (1995). In *McIntyre*, the Court explained that this freedom applies "at least in the field of literary endeavor," as well as "beyond the literary realm," in areas like publication of unsigned handbills, political rhetoric, and the secret ballot. *Id.* at 342–43, 115 S. Ct. at 1516–17. The Court therefore held that a State could not "punish fraud indirectly" by prohibiting anonymous pamphleteering regarding a ballot proposal. *Id.* at 337, 357, 115 S. Ct. at 1514, 1524; *see also Buckley v. Am. Const. Law Found.*, 525 U.S. 182, 199–200, 119 S. Ct. 636, 646 (1999) (recognizing that circulators of political petitions have a protected "interest in anonymity").

But not every speaker's identity is cloaked from disclosure through invocation of the First Amendment. The Supreme Court has observed "the fundamental principle that the public has a right to every man's evidence," cautioning that any privilege from disclosure in discovery must "promote[] sufficiently important interests to outweigh the need for probative evidence" and "must be strictly construed." *Univ. of Pa. v. E.E.O.C.*, 493 U.S. 182, 189, 110 S. Ct. 577, 582 (1990) (internal punctuation and citations omitted). In the *University of Pennsylvania* case, for example, the Supreme Court refused to recognize a First Amendment privilege against disclosure of peer-review materials in the context of tenure decisions in academic institutions, even though the authors of the materials

8

did not know that their statements would eventually become part of the public record. *Id.* The Court observed that the chilling effect that the university feared would result was "remote," "attenuated," and "speculative." *Id.* at 200, 110 S. Ct. at 588. The Court also refused to recognize a First Amendment privilege from disclosure asserted by a news reporter who sought to avoid revealing the identity of a confidential source of information about criminal activity. *Branzburg v. Hayes*, 408 U.S. 665, 692, 698, 92 S. Ct. 2646, 2662, 2665 (1972). Thus, a promise of anonymity or confidentiality by a private actor does not automatically protect information from disclosure in litigation. *See Univ. of Pa.*, 493 U.S. at 196–98, 110 S. Ct. at 586–87 (declining to recognize First Amendment privilege, despite university's "express or implied assurances of confidentiality" to "ensure[] candor and enable[] an institution to make its . . . decisions on the basis of valid . . . criteria").

Because the "author's decision to remain anonymous" is at the heart of the assertion of a First Amendment right that would be balanced against the need for disclosure in litigation, we examine whether the Association's informant reported the incident in circumstances that demonstrate that decision. *See McIntyre*, 514 U.S. at 341–42, 115 S. Ct. at 1516. The evidence adduced at the Rule 202 hearing supports the trial court's implied finding that the incident report was not made by an informant who had decided to remain anonymous.

First, the incident report requires the informant to disclose the informant's name and other identifying information. The form also requests information about the informant's employer and job function, and specific facts about the incident. The web form that the Association used to collect reports for its safety alerts makes no assurance of confidentiality of the information provided in the form beyond its anonymous use in a safety alert. Nothing in the report promises complete anonymity of the informant, particularly from other members of the Association.

The Association stresses that it attempts to maintain the confidentiality of both its sources and the companies identified in the alert. But no evidence in the record demonstrates that the informant made the report with an intention of remaining anonymous or received any assurances that the informant's identity would be kept secret. As the Association's Vice President for Onshore Operations averred: "[i]n practice . . . because individuals and third parties are present at the reported events, or become aware of such events, complete confidentiality is never certain." The form refers to anonymity in the question, "May we use this information anonymously for an [Association] Safety Alert?" But the form does not express whether the informant's identity may be disclosed in other circumstances. Though the form represents that the Association will redact identifying information in the release of the safety alert, there is no evidence that

the source for the alert in question had any expectation of personal anonymity beyond that described.

Second, the Association's form does not provide a method for an anonymous informant to report an incident, and the informant in this case did not anonymously report the incident. Unlike the professors in the *University of Pennsylvania* case, the informant who made the report to the Association had no assurances of anonymity from disclosure to the Association's members. *See Univ. of Pa.*, 493 U.S. at 196, 110 S. Ct. at 586.

Finally, the Association proffered no evidence at the hearing from the informant that the informant intended that the communication be anonymous when it was reported. We hold that the Association has not demonstrated that a Rule 202 deposition to discover the identity of the source of the incident report violates the First Amendment.

**B.     The Texas Free Flow of Information Act does not protect the identifying information from disclosure because the Association did not invoke the Act in the trial court.**

The Association next contends that it is entitled to a statutory privilege available to journalists under the Texas Free Flow of Information Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 22.021–.027 (West 2015). The Association did not, however, raise this ground in the trial court as a basis for protection from disclosure. We therefore cannot consider it as grounds for reversal. *See* TEX. R.

App. P. 33.1(a) ("As a prerequisite to presenting a complaint for appellate review, the record must show that" appellant timely raised complaint in trial court and trial court either ruled thereon or refused to do so.).

## IV. Compliance with Rule 202

The Association contends that, even if there is not a privilege from disclosure granted by the First Amendment, Orion and Integrated failed to demonstrate in the trial court that the benefit of a deposition to determine the identity of the informant outweighs the burden or expense of the procedure. *See* TEX. R. CIV. P. 202.4(a)(2). The Association further contends that Orion and Integrated failed to file the petition in their names, as required by Rule 202.2(c). The trial court reasonably could have concluded, however, that the benefit of the disclosure of identifying information was outweighed by the attendant burden or expense of the procedure.

### A. The record supports the trial court's finding that the likely benefit of the deposition outweighs the burden or expense of the procedure.

Rule 202.4 requires a trial court to order a deposition

if, but only if, it finds that: (1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit[;] or (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure.

12

TEX. R. CIV. P. 202.4(a). The trial court found that the second of these two reasons supported authorizing the deposition.

The Association argues that the record lacks evidence to support the trial court's finding and that Orion and Integrated failed to meet their burden of demonstrating that the benefit of disclosure outweighed the burden of providing the information. *See In re Contractor's Supplies, Inc.*, No. 12-09-00231-CV, 2009 WL 2488374, at *5 (Tex. App.—Tyler Aug. 17, 2009, orig. proceeding) (mem. op.) (petitioner bears burden to demonstrate entitlement to deposition); *In re Denton*, No. 10-08-00255-CV, 2009 WL 471524, *3 (Tex. App.—Waco Feb. 25, 2009, orig. proceeding) ("trial court's finding must coincide with the reason requested for the Rule 202 deposition"). It contends that disclosure would undermine the Association's ability to continue to publish safety alerts and that the expense associated with the deposition is a burden that outweighs any potential benefit. It further contends that Orion and Integrated have not demonstrated a specific injury that resulted from the short period of time that the safety alert appeared on the Association's website.

The Association points to the affidavit from its vice-president, in which he avers that, "if [the Association] were unable to protect its sources, its ability to publish Safety Alerts would essentially be extinguished." The Supreme Court rejected similar assertions in *University of Pennsylvania*. The Court explained that

13

similar fears, if unsupported by evidence, are "remote," "attenuated," and "speculative." 493 U.S. at 200, 110 S. Ct. at 588. Moreover, the Association admits that it is impossible to guarantee the anonymity of companies and individuals involved in the incidents on which it reports. The trial court reasonably could have concluded that "the 'chilling effect' [the Association] fears is at most only incrementally worsened by the absence of a privilege." *See id.*

The trial court could have balanced the Association's interests against Orion and Integrated's allegations that the safety alert at issue contains false statements, and that false statements in safety alerts do not protect the public. Orion and Integrated allege that they have requested the deposition "to determine whether the information was provided intentionally, with knowledge of its falsity, such that Petitioners would have a claim for business disparagement against the providing party." They also maintain that "[b]oth Orion and Integrated have already felt the damaging effects of the false Safety Alert's publication" to their reputations and business. Thus, they have averred that they are investigating a claim for business disparagement and need the name of the Association's source to evaluate their claim. *See Forbes Inc. v. Granada Bioscis., Inc.*, 124 S.W.3d 167, 170 (Tex. 2003) (discussing nature of business disparagement claims). Because this showing demonstrates the "likely benefit" of a Rule 202 deposition, the trial court did not abuse its discretion on this basis. In any event, a Rule 202 petition need not plead

a specific cause of action; instead, Rule 202 requires only that the petitioner "state the subject matter of the anticipated action, if any, and the petitioner's interest therein." *City of Houston v. U.S. Filter Wastewater Grp., Inc.*, 190 S.W.3d 242, 245 n.2 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (quoting TEX. R. CIV. P. 202.2(e)); *see also In re Emergency Consultants, Inc.*, 292 S.W.3d 78, 79 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding) (per curiam) ("Rule 202 does not require a potential litigant to expressly state a viable claim before being permitted to take a pre-suit deposition.").

In this instance, the trial court narrowed the scope of the deposition to the disclosure of the identity of the informant and the informant's communications with the Association about the incident, which may be answered on written questions. In the absence of any evidence regarding the significance of this burden, we cannot say that the district court abused its discretion in ordering the deposition for this reason.

**B. The trial court did not err in denying the deposition based on the petition's failure to be brought "in the name of the petitioner" or required the filing of a lawsuit.**

The Association also contends that the petition should have been in the names of Orion and Integrated, but was not, and thus the petition fails to comply with Rule 202.2(c). And, it contends, they should have sued the Association or at

least alleged elements of the alleged claim, rather than availing themselves of Rule 202.

Rule 202.2(c) requires the petition to "be in the name of the petitioner[s]." The petition in this case was incorrectly captioned, "In re: International Association of Drilling Contractors." But the opening sentence of the pleading reveals that Orion and Integrated are the petitioners. Because the Association does not attempt to demonstrate that the caption of the petition "probably caused the rendition of an improper judgment," we will not reverse the trial court on this basis. *See* TEX. R. APP. P. 44.1(a).

We also reject the Association's contention that the trial court abused its discretion in concluding that Orion and Integrated should have filed a lawsuit without conducting a Rule 202 investigation. Rule 202 expressly contemplates a pre-suit investigation. Moreover, although a trial court may determine whether the benefit of the procedure outweighs the burden of it, the Rule does not require the petitioner to specifically plead a cause of action. TEX. R. CIV. P. 202.2(e); *see In re Emergency Consultants*, 292 S.W.3d at 79; *City of Houston*, 190 S.W.3d at 245 n.2. Orion and Integrated have pleaded that the identity of the informant will reveal whether a cause of action for business disparagement exists against that informant. We hold that the Association has not demonstrated any reversible error in the petition's alleged defects. *See* TEX. R. APP. P. 44.1(a).

## V. Texas Citizens Participation Act

Finally, the Association argues that Orion and Integrated's Rule 202 petition circumvents the Texas Citizens' Participation Act, found in Chapter 27 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (West 2015). The purpose of the TCPA "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *Id.* § 27.002. Under the TCPA, "[i]f a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action." *Id.* § 27.003(a).

Our sister court of appeals has recently held that the TCPA applies to Rule 202 proceedings, when properly invoked through a motion to dismiss brought under the Act. *In re Elliott*, No. 03-16-00231-CV, --- S.W.3d ---, 2016 WL 5887349, at *7 (Tex. App.—Austin Oct. 7, 2016, orig. proceeding) (holding that motion to dismiss invoking TCPA stays discovery in a Rule 202 proceeding until the court rules on the motion to dismiss).

We agree with the Association that a party "cannot obtain by Rule 202 what it would be denied in the anticipated action." *See In re Wolfe*, 341 S.W.3d at 933.

But the TCPA requires a party to invoke it by moving to dismiss the proceeding on the basis that the suit fails to meet its requirements. *See In re Elliott*, 2016 WL 5887349, at \*7. The Association did not move to dismiss Orion and Integrated's petition under the TCPA. Because the Association did not move to dismiss the proceeding by invoking the TCPA, we hold that the Association has not preserved this argument for our review.

## CONCLUSION

We affirm the order of the district court.

Jane Bland
Justice

Panel consists of Justices Bland, Massengale, and Lloyd.