

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00310-CV

Francisco R. **CANSECO**,
Appellant

v.

**AUNT BERTHA**, a Public Benefit Corporation d/b/a Findhelp,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2025CI03715
Honorable Tina Torres, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:        Lori I. Valenzuela, Justice
              Lori Massey Brissette, Justice
              Adrian A. Spears II, Justice

Delivered and Filed: November 26, 2025

REVERSED, RENDERED IN PART, AND REMANDED

This appeal concerns the requirements of Texas Rule of Civil Procedure 202 and the application of a Texas Citizens Participation Act ("TCPA") motion to dismiss a Rule 202 petition. *See* TEX. R. CIV. P. 202; TEX. CIV. PRAC. & REM. CODE §§ 27.001–27.011. Appellee Aunt Bertha, a public benefit corporation d/b/a Findhelp ("Findhelp") filed a Rule 202 petition seeking to obtain pre-suit discovery from appellant Francisco Canseco. Canseco responded by filing a motion seeking to quash the Rule 202 petition, obtain a protective order from discovery, and dismiss the

Rule 202 petition under the TCPA. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(b). Following a hearing, the trial court issued two orders granting the Rule 202 petition and denying Canseco's TCPA motion to dismiss and motion to quash. Canseco appeals these orders.

On appeal, Cansceo contends the trial court erred by granting the Rule 202 petition and by denying his TCPA motion to dismiss. After considering oral argument and reviewing the record and the parties' briefing, we reverse the trial court's orders granting Findhelp's Rule 202 petition and denying Canseco's TCPA motion to dismiss, render judgment dismissing Findhelp's Rule 202 petition and granting Canseco's TCPA motion to dismiss, and remand to the trial court for further proceedings consistent with this opinion.

## BACKGROUND

Findhelp provides healthcare management software for community organizations, governments, and businesses. Canseco, a Texas lawyer and former member of Congress, published a letter discussing the dangers to children of cybersecurity attacks and data breaches and specifically asserting that Findhelp, an Austin-based technology platform and state government vendor serving underserved children, failed to report a data breach affecting its subsidiary SchoolCare, an electronic health records platform used by K-12 schools that holds children's medical records. A few weeks later, Canseco published an article entitled "Accountability Matters for Kids' Personal Data" on RealClearHealth.com, a health care policy news website, containing the same allegations regarding Findhelp.

Findhelp then filed a verified Rule 202 petition against Canseco in Bexar County District Court seeking an order compelling Canseco to appear for a deposition and produce documents so Findhelp could "investigate potential claims relating to a number of articles published by third parties which contain false information and defamatory statements regarding Findhelp." Findhelp

alleged that articles had been published over the past fourteen months containing "strikingly similar false information" about it, stating "[t]his appears to be a coordinated effort to defame Findhelp" and asserting "Respondent Canseco authored one such article." Findhelp alleges that, "[u]pon information and belief, Mr. Canseco was provided certain information from an unknown third party and compensated to write the article." Findhelp stated it seeks to conduct this pre-suit discovery to "determine the identity or identifies [sic] of individuals or entities that prompted the publication of this false information regarding Findhelp," to "explore potential claims it may have against the proponent of these false attacks on Findhelp," and to "obtain Canseco's testimony on the claims investigated." Findhelp's petition stated it "does not know who is sponsoring or prompting publication of these articles," and Findhelp did not name any potential alleged sponsors of Canseco's article or other such articles. Notably, Findhelp stated it "is not accusing Mr. Canseco of wrongdoing" and confirmed in oral argument that it does not intend to assert claims against him.

After the hearing on Canseco's motions, the trial court entered two orders. The first order granted the Rule 202 petition and ordered Canseco to sit for a three-hour deposition and produce all the documents listed in the petition. The second order denied Canseco's TCPA motion to dismiss and motion to quash.

## DISCUSSION

Because Findhelp challenges our appellate jurisdiction, we begin by reviewing our subject matter jurisdiction to review the trial court's orders. We then address Canseco's assertions that the trial court abused its discretion by granting the Rule 202 petition and by denying his TCPA motion to dismiss.

## I.    Does this Court have subject matter jurisdiction?

While Findhelp does not challenge our jurisdiction to consider the denial of Canseco's TCPA motion to dismiss, it asserts we have no jurisdiction to review the trial court's order granting pre-suit discovery under Rule 202. To determine our jurisdiction under Rule 202, we must look to the specific provision of Rule 202 that Findhelp relied on in filing its petition.

A petition under Rule 202 must state either "(1) that the petitioner anticipates the institution of a suit in which the petitioner may be a party; or (2) that the petitioner seeks to investigate a potential claim by or against petitioner." TEX. R. CIV. P. 202.2(d). If a Rule 202 petitioner "anticipates the institution of a suit" against the deponent, the trial court's ruling on the petition is interlocutory and not appealable, but if a Rule 202 petitioner merely "seeks to investigate a potential claim" by deposing a third party against whom suit is not contemplated, the trial court's ruling on the petition is appealable. *See In re Jorden*, 249 S.W.3d 416, 419 & n.7 (Tex. 2008) (orig. proceeding) ("Presuit deposition orders are appealable only if sought from someone against whom suit is *not* anticipated"); *In re Bed Bath & Beyond, Inc.*, No. 2-07-316-CV, 2007 WL 4292304, at *2 (Tex. App.—Fort Worth Dec. 7, 2007, orig. proceeding) (mem. op.) (stating "if a petition to investigate a claim seeks discovery from a third party against whom suit is not contemplated, then the trial court's ruling on the petition is final and appealable."); *Int'l Ass'n of Drilling Contractors v. Orion Drilling Co.*, 512 S.W.3d 483, 487 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (same); *c.f. Webb v. HEB LP*, No. 04-20-00091-CV, 2020 WL 2045279, at *1 (Tex. App.—San Antonio Apr. 29, 2020, no pet.) ("When a Rule 202 petition seeks to depose an

anticipated defendant, the trial court's order on the petition is interlocutory and not appealable until a final judgment is rendered in the contemplated suit.").[1]

Here, Findhelp's Rule 202 petition specified that it seeks to "investigate potential claims" and that "Findhelp is not accusing Mr. Canseco of wrongdoing." Findhelp's response to Canseco's TCPA motion to dismiss stated it "has not filed and does not anticipate any claims against Mr. Canseco." Findhelps's response to Canseco's motion to quash and for a protective order stated that Findhelp does *not* anticipate suit. At the trial court hearing, Findhelp emphasized "we have not alleged any wrongdoing by Mr. Canseco" and that it, instead was trying to "figure out if we have any claims against some third party and what those would be." Counsel for Findhelp also stated he told Canseco before filing the Rule 202 petition that "I'm not going to name you" as a defendant if a lawsuit is ultimately filed. Finally, in oral argument before this court, counsel for Findhelp reaffirmed that it has no intention of naming Canseco as a defendant in a future lawsuit. On this record, it is clear Findhelp filed its suit to "investigate a potential claim" under Rule 202.2(d)(2) and does not contemplate suit against Canseco. Therefore, we have jurisdiction of a final and appealable determination. *Jorden*, 249 S.W.3d at 419.

## II.    Did the trial court abuse its discretion by granting Findhelp's Rule 202 petition?

Canseco argues the trial court abused its discretion by granting Findhelp's Rule 202 petition because Findhelp failed to meet its burden to show that the trial court was a "proper court"—meaning one that has personal jurisdiction over a potential defendant. *See In re Doe*

---

[1] The rationale for this distinction is that "a Rule 202 order for presuit discovery from a third party against whom suit is not contemplated will result in an order that is final and appealable as an 'end[ ] in [it]sel[f]' because the order 'resolve[s] all discovery issues . . . and act[s] as [a] mandatory injunction,'" whereas when a petitioner anticipates suit against the deponent, the trial court's ruling on the petition is interlocutory as there is a forthcoming suit. *Montoya Frazier v. Maxwell*, No. 02-23-00103-CV, 2025 WL 494699, at *20 (Tex. App.—Fort Worth Feb. 13, 2025, pet. denied) (en banc) (quoting *Bed Bath & Beyond*, 2007 WL 4292304, at *2); *see Kaplan v. Tiffany Devo. Corp.*, 69 S.W.3d 212, 217 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.) ("An interlocutory order leaves something further to be determined.").

*(Trooper)*, 444 S.W.3d 603, 610–11 (Tex. 2014) (holding trial court exceeded authority in granting Rule 202 petition where there was no showing the trial court would have jurisdiction over a potential defendant). Findhelp, in response, asserts: (1) Canseco waived this issue; (2) Findhelp was not required to show the trial court has personal jurisdiction over a potential defendant; and (3) even if personal jurisdiction over a potential defendant were required and not waived, the trial court indisputably has personal jurisdiction over Canseco, and Canseco is a potential defendant despite Findhelp's repeated assurances that it has no intention of suing him. We address these arguments in turn, applying an abuse of discretion standard. *Id.* at 610; *ShopStyle, Inc. v. rewardStyle, Inc.*, No. 05-19-00736-CV, 2020 WL 4187937, at *22 (Tex. App.—Dallas July 21, 2020, no pet.) (citing *Patton Boggs LLP v. Moseley*, 394 S.W.3d 565, 568–69 (Tex. App.—Dallas 2011, orig. proceeding)).

### A. Did Canseco waive Rule 202 requirements?

Findhelp contends that Canseco waived any issue regarding personal jurisdiction by failing to file a special appearance pursuant to Texas Rule of Civil Procedure 120a. But, Canseco is not asserting that the trial court had no personal jurisdiction over him. Instead, he relies on the Texas Supreme Court's holding in *Trooper* that a trial court is only a "proper court" under Rule 202.2(b) if it has personal jurisdiction over a potential defendant. *Trooper*, 444 S.W.3d at 610; *see also eBay Inc. v. Mary Kay Inc.*, No. 05–14–00782–CV, 2015 WL 3898240, at *3 (Tex. App.—Dallas June 25, 2015, pet. denied) (reversing trial court's grant of Rule 202 petition, despite personal jurisdiction over the defendant witness, because petitioner did not show trial court would have personal jurisdiction over potential defendants). Thus, his failure to file special exceptions does not constitute a waiver precluding him from asserting the mandatory requirements of Rule 202.

Next Findhelp argues that Canseco failed to preserve the argument because he did not assert the issue of a "proper court" under Rule 202.2(b) to the trial court. But, because the issue concerns a mandatory requirement under Rule 202.2(b)—that a petition "must" be filed in a "proper court"—Canseco's argument cannot be waived by a failure to object in the trial court. *See* TEX. R. CIV. P. 202.2(b); *In re City of Tatum*, 567 S.W.3d 800, 807 (Tex. App.—Tyler 2018, no pet.) ("Because the requirements of Rule 202.4 are mandatory, the City's failure to object in the trial court does not result in waiver."). Furthermore, "[i]n a civil nonjury case, a complaint regarding the legal or factual insufficiency of the evidence . . . may be made for the first time on appeal in the complaining party's brief." TEX. R. APP. P. 33.1(d). Canseco's "proper court" constitutes a challenge to the sufficiency of the evidence supporting the trial court's ruling, so his first issue also cannot be waived under Rule 33.1(d). *See id.*; *Trooper*, 444 S.W.3d at 610 (stating burden is on petitioner to show trial court has personal jurisdiction over potential defendant). Because we conclude no waiver occurred, we proceed to the issue of whether the trial court must have personal jurisdiction over a potential defendant to proceed with a Rule 202 petition. [2]

---

[2] Findhelp also argues Canseco waived his first issue by asserting Canseco signed the trial court's order he now appeals, beneath language indicating that Canseco "[a]pproved as to Form and Substance." In his reply brief, Canseco asserts that his signature, "at most, reflects his agreement to have the premature ex parte order vacated to clarify the record for appeal," referencing an order entered ex parte on March 3, 2025, purporting to grant the Rule 202 petition without a hearing and without giving Rep. Canseco an opportunity to respond. At a hearing on April 9, 2025, the parties and the trial court agreed that the March order was entered in error, and it was set aside in the April 28, 2025 order. Canseco's explanation for the signature is plausible. Regardless, this signature does not waive Canseco's first issue. *See Turner v. Turner*, No. 04-23-00142-CV, 2024 WL 2034723, at *2 (Tex. App.—San Antonio May 8, 2024, no pet.) (husband's signature on a divorce decree "approved and consented to as both form and substance" did not waive his objections to the decree on appeal); *City of San Antonio v. Cervantes*, 521 S.W.3d 390, 392–93 (Tex. App.—San Antonio 2017, no pet.) (stating "phrase above a signature on the form of judgment 'is too indefinite to justify declaring as a matter of law that the judgment was a consent judgment' and that the right of appeal has been voluntarily relinquished."); (quoting *First American Title Ins. Co. v. Adams*, 829 S.W.2d 356, 364 (Tex. App.—Corpus Christi 1992, writ denied)); *Oryx Energy Co. v. Union Nat. Bank of Texas*, 895 S.W.2d 409, 417 (Tex. App.—San Antonio 1995, writ denied) ("'Approved as to Form and Substance,' standing alone, is insufficient" to waive the right to appeal.). The record shows Canseco opposed the trial court's order and did not waive the right to appeal by consent.

**B. Was Findhelp required to show personal jurisdiction over a potential defendant?**

In *Trooper*, similar to the case before us, the petitioner was seeking to depose a witness (in that case Google) to determine the identity of an anonymous blogger calling himself "the Trooper." 444 S.W.3d at 604–05. The Court concluded that because the petitioner could not establish the trial court would have personal jurisdiction over the potential defendant, the trial court abused its discretion by granting the Rule 202 petition. *See id.* The Court gave two main reasons for its conclusion:

> First: To allow discovery of a potential claim against a defendant over which the court would not have personal jurisdiction denies him the protection Texas procedure would otherwise afford. Under Rule 120a, a defendant who files a special appearance in a suit is entitled to have the issue of personal jurisdiction heard and decided before any other matter. Discovery is limited to matters directly relevant to the issue. To allow witnesses in a potential suit to be deposed more extensively than would be permitted if the suit were actually filed would circumvent the protections of Rule 120a.
> . . . .
> Second: To allow a Rule 202 court to order discovery without personal jurisdiction over a potential defendant unreasonably expands the rule. Even requiring personal jurisdiction over the potential defendant, Rule 202 is already the broadest pre-suit discovery authority in the country. If a Rule 202 court need not have personal jurisdiction over a potential defendant, the rule could be used by anyone in the world to investigate anyone else in the world against whom suit could be brought within the court's subject-matter jurisdiction. The reach of the court's power to compel testimony would be limited only by its grasp over witnesses. This was never contemplated in the procedures leading to Rule 202, from 1848 to 1999, nor was it the intent of Rule 202.

*Id.* at 608–10 (footnotes omitted).

Findhelp argues *Trooper* is distinguishable because the petitioners there anticipated suit against a specific albeit unknown anonymous blogger, whereas Findhelp does not anticipate suit and is unsure of the identity of any potential defendants. But, by doing so Findhelp seeks an even broader use of Rule 202 than was asserted in *Trooper*. Instead, we must follow the Texas Supreme Court's lead and refuse to "interpret Rule 202 to make Texas the world's inspector general." *Id.* at

610–11; *see also In re DePinho*, 505 S.W.3d 621, 622 (Tex. 2016) (per curiam) (orig. proceeding) (rejecting Rule 202 petition that sought to investigate unripe claims and stating that "allowing courts to authorize Rule 202 depositions for potential suits over which they lack jurisdiction would untether pre-suit discovery from the suit it purports to be in aid of"); *In re City of Dallas*, 501 S.W.3d 71, 74 (Tex. 2016) ("[I]f the county court determines it does not have jurisdiction over Navarro's potential claim or anticipated action, it does not have jurisdiction over a Rule 202 proceeding seeking to investigate such claim or action.").[3] Accordingly, we hold Findhelp was required to demonstrate that the trial court would have personal jurisdiction over a potential defendant.

**Is Canseco a "potential defendant" for purposes of the personal jurisdiction requirement?**

Findhelp asserts that, although it repeatedly (in both the trial court and in this court) stated that it did not anticipate a lawsuit against Canseco and that it was not seeking discovery in order to sue him, it can now satisfy the requirement of Rule 202 by demonstrating the trial court would have personal jurisdiction over a suit against Canseco. It points to one footnote set forth in response to Canseco's TCPA motion to dismiss in which Findhelp states that it "may also be able to demonstrate a prima facie case of defamation against Mr. Canseco; however, no claim or suit against Mr. Canseco is anticipated." [4]

---

[3] "While the federal courts and most state courts allow for some pre-suit discovery, only Texas grants broad power to investigate potential claims." *Id.* at 610 n.31 (quoting Jeffrey Liang, Note, *Reverse Erie and Texas Rule 202: The Federal Implications of Texas Pre–Suit Discovery*, 89 Tex. L. Rev. 1491, 1492–1493 (2011)).

[4] We note that by seeking to use Canseco as a potential defendant to meet the requirements of Rule 202 while repeatedly disavowing any intention of suing him, Findhelp seeks to avoid the protections that would otherwise be afforded to Canseco by the Texas Citizens Participation Act, TEX. CIV. PRAC. & REM. CODE § 27.005(b). Specifically, had Findhelp filed a lawsuit against Canseco, and Canseco—as discussed below—can demonstrate that the lawsuit involves the exercise of free speech on a matter of public concern, then all discovery would be abated until the trial court determined his motion to dismiss. The Texas Supreme Court is clear that, "[t]o prevent an end-run around discovery limitations that would govern the anticipated suit, Rule 202 restricts discovery in depositions to 'the same as if the anticipated suit or potential claim has been filed.'" *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011).

Because Findhelp has been so clear in its assertion that Canseco is not a potential defendant and because the orders permit Findhelp to obtain pre-suit discovery to investigate claims it may have against *unknown third parties*, i.e. potential defendants *other than* Canseco, we cannot conclude that personal jurisdiction over Canseco satisfies the requirements of Rule 202. *See Trooper*, 444 S.W.3d at 610. Therefore, the trial court abused its discretion by granting Findhelp's Rule 202 petition. *See id.*; *City of San Francisco v. Exxon Mobil Corp.*, No. 02-18-00106-CV, 2020 WL 3969558, at *19 (Tex. App.—Fort Worth June 18, 2020, pet. denied).

We therefore sustain Canseco's first issue, reverse the trial court's orders granting Findhelp's Rule 202 petition to obtain pre-suit discovery, and render judgment dismissing Findhelp's Rule 202 petition.[5]

### III. Did the trial court err by denying Canseco's TCPA motion to dismiss?

Even though we reverse the trial court's grant of Findhelp's Rule 202 petition, we must address Canseco's motion to dismiss under the Texas Citizens Participation Act because it involves a claim for attorney's fees, costs, and sanctions. *See Florez v. Olibas*, 657 S.W.3d 31, 39 (Tex. App.—El Paso 2022, pet. denied) (denying appellee's motion to dismiss appeal because appellant's "request for attorney's fees and sanctions in the TCPA motion to dismiss constitute affirmative claims for relief that survived [a]ppellee's nonsuit of the Rule 202 petition."). To do so, we first address whether a Rule 202 petition is a "legal action" as contemplated by the TCPA and, then if so, whether the trial court erred in denying the motion to dismiss.

---

[5] We need not address Canseco's second and third issues, in which Canseco argues the trial court abused its discretion by finding the likely benefit of allowing Findhelp to conduct pre-suit discovery outweighs the burden or expense of the procedure and by compelling pre-suit document production under Rule 202. *See* Tex. R. App. P. 47.1.

## A.  Is a Rule 202 petition a "legal action" as contemplated by the TCPA?

The TCPA, also known as the Texas Anti-SLAPP statute,[6] seeks to protect against baseless lawsuits that seek to suppress the exercise of First Amendment rights. TEX. CIV. PRAC. & REM. CODE § 27.002. The TCPA provides: "If a legal action is based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association or arises from any act of that party in furtherance of the party's communication or conduct described by Section 27.010(b), that party may file a motion to dismiss the legal action." TEX. CIV. PRAC. & REM. CODE § 27.003(a). The filing of the motion to dismiss suspends all discovery in the legal action until the court has ruled on the motion to dismiss. TEX. CIV. PRAC. & REM. CODE §27.003(c). The burden then shifts to the plaintiff to "establish by clear and specific evidence a prima facie case for each essential element of the claim in question." TEX. CIV. PRAC. & REM. CODE §27.005(c). Here, Findhelp asks us to hold that the TCPA does not apply to a Rule 202 petition because it is not a "legal action" within the meaning of the statute.

Because the issue of whether Findhelp's Rule 202 petition is a "legal action" within the meaning of the TCPA involves the construction of the statute, we apply a de novo standard of review. *Kawcak v. Antero Res. Corp.*, 582 S.W.3d 566, 571 (Tex. App.—Fort Worth 2019, pet. denied); *see ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 899 (Tex. 2017). We must construe the statute as it is written using the plain meaning of the text and the definitions within the statute unless the plain meaning would lead to an absurd result. *See Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019). We note that the TCPA, itself, instructs us to construe the Act "liberally to effectuate its purpose and intent fully." TEX. CIV. PRAC. & REM. CODE §27.011(b).

---

[6] "SLAPP" is an acronym for "Strategic Lawsuits Against Public Participation."

There is a split among our sister courts regarding whether a Rule 202 petition is a legal action to which the TCPA can apply. The Austin, Amarillo, and El Paso courts of appeals hold the TCPA does apply. *See In re Elliott,* 504 S.W.3d 455, 464 (Tex. App.—Austin 2016, orig. proceeding); *In re Krause Landscape Contractors, Inc.*, 595 S.W.3d 831, 836 (Tex. App.—Amarillo 2020, orig. proceeding) *Florez*, 657 S.W.3d at 39. The Dallas court has applied the TCPA to a Rule 202 petition without affirmatively deciding the issue. *Breakaway Practice LLC v. Lowther*, No. 05-18-00229-CV, 2018 WL 6695544, at *2 & n.2 (Tex. App.—Dallas Dec. 20, 2018, pet. denied). On the other side of the argument stand our two sister courts in Houston and Fort Worth. *Houston Tennis Assoc. v. Thibodeaux*, 602 S.W.3d 712 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *Caress v. Fortier*, 576 S.W.3d 778 (Tex. App.—Houston [1st Dist.] 2019, pet. denied); *Montoya Frazier v. Maxwell*, No. 02-23-00103-CV, 2025 WL 494699, at *14 (Tex. App.—Fort Worth Feb. 13, 2025, pet. denied) (en banc).

The TCPA defines "legal action" broadly: "'Legal action' means a lawsuit, cause of action, petition, complaint, crossclaim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." TEX. CIV. PRAC. & REM. CODE § 27.001(6). It expressly excludes "a procedural action taken or motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief." *Id*. at § 27.001(6)(A). Under Rule 202, "[a] person may petition the court for an order authorizing the taking of a deposition[.]" TEX. R. CIV. P. 202.1. Further, the official comment to Rule 202 refers to the equitable nature of the bill of discovery procedure. TEX. R. CIV. P. 202, comment 2; *See also In re Bed Bath & Beyond, Inc.*, No. 02-07-316-CV, 2007 WL 4292304, *1 (Tex. App.—Fort Worth Dec. 7, 2007) (Rule 202 "incorporates the equitable bill of discovery procedures"); *In re Southwest Securities, Inc.*, No. 05-99-01836-CV, 2000 WL 770117, *1 (Tex. App.—Dallas June 14, 2000) (orig. proceeding) (same).

Our sister courts who recognize the application of the TCPA to Rule 202 petitions note that the equitable relief sought, namely a pre-suit deposition, is equitable relief within the meaning of the statute. *See, e.g., Elliott*, 504 S.W.3d at 464, 465 n.7; *Krause Landscape Contractors*, 595 S.W.3d at 836. On the other hand, those who hold that a Rule 202 petition is not a "legal action" within the meaning of the statute also attempt to apply the plain meaning of the statute while ignoring the absurd result that would result from such holding. Specifically, while in this case there is no threat of discovery because we hold the trial court erred in granting the Rule 202 petition on other grounds, construing the TCPA to not apply to Rule 202 petitions would generally allow a plaintiff to avoid the very discovery protections afforded by the TCPA, including the automatic stay of discovery that the TCPA mandates until the merits of the motion to dismiss are ruled upon.[7]

This result would go against the legislature's instruction to "liberally to effectuate [the TCPA's] purpose and intent fully. TEX. CIV. PRAC. & REM. CODE § 27.011(b). Such purpose is set forth in the statute itself: "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government[.]" TEX. CIV. PRAC. & REM. CODE § 27.002. Further, it would enable exactly the kind of end-run around applicable discovery limitations that the Texas Supreme Court sought to quash when it held "Rule 202 restricts discovery in depositions to 'the same as if the anticipated suit or potential claim has been filed.'" *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011). In fact, if the TCPA does not apply to Rule 202 petitions, a plaintiff can file for pre-suit discovery under Rule 202 and render the TCPA's abatement of discovery provision completely impotent.

---

[7] Notably, Findhelp has asserted it can make the prima facie case against Canseco but it chooses not to. While we cannot assume the intentions of Findhelp, we do note that by being so bold in its promises not to sue Canseco and by making the assertion that the TCPA does not apply here, it seeks to avoid the application of that statute.

Findhelp counters by citing our previous holding that the TCPA does not apply to a subpoena, arguing that a Rule 202 petition is similar to a subpoena in that it seeks discovery. *See Greiner v. Womack*, No. 04-19-00525-CV, 2019 WL 5405904, at \*1 (Tex. App.—San Antonio Oct. 23, 2019, no pet.). In that case, Womack sued several defendants for fraud and breach of contract, and then Womack's trial counsel issued a subpoena for deposition on written questions to defendants' former attorneys, who were not themselves defendants in the underlying suit. *Id.* These attorneys filed a motion to dismiss the subpoena under the TCPA, which the trial court denied, and then the attorneys appealed. *Id.* But, our holding in *Greiner* falls squarely within the meaning of the TCPA's language excluding "a procedural action taken or motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief." TEX. CIV. PRAC. & REM. CODE § 27.001(6)(A). Unlike a third party witness subpoena—a "procedural action" that does not change the nature of ongoing litigation between the parties and which is clearly excluded by the language of the statute—Rule 202 calls for the filing of a "petition" that requests equitable relief in the form of pre-suit discovery. This discovery is intended to investigate and potentially set up a lawsuit to follow and which could be used (despite Findhelp's position in this case) to sue the Rule 202 respondent. If the legislature had wanted to exclude petitions filed under Rule 202, it could have easily done so.

Because we believe the plain language of the statute mandates that we recognize the TCPA's application to a Rule 202 petition, particularly in light of the absurd result that would result if we did not do so, we turn to whether the trial court erred in denying Canseco's motion to dismiss.

**IV.  Did the trial court err in denying Canseco's TCPA motion to dismiss?**

Having shown Findhelp's Rule 202 petition is a legal action under the TCPA, Canseco must next show it "is based on or is in response to a party's exercise of the right of free speech [.]" TEX. CIV. PRAC. & REM. CODE § 27.003(a). The TCPA defines an "exercise of the right to free speech" as "a communication made in connection with a matter of public concern." *Id.* § 27.001(3). A "matter of public concern" includes "a matter of political, social, or other interest to the community" and "a subject of concern to the public." *Id.* 27.001(7). Canseco's article, entitled "Accountability Matters for Kids' Personal Data," covers a matter of public concern, since the safety of children's confidential medical data is a matter of interest to the community. This is true even though Findhelp alleges the article is defamatory. *See, e.g., Doe v. Cruz*, 683 S.W.3d 475, 490 (Tex. App.—San Antonio 2023, no pet.) (nonmovant's "contention that the allegations are false is not determinative of whether the TCPA applies.").

Because Canseco has met his initial burden, Findhelp then bears the burden to "establish by clear and specific evidence a prima facie case for each essential element" of its Rule 202 petition. *See Breakaway*, 2018 WL 6695544, at *3 (to defeat TCPA motion, Rule 202 petitioner must show element that likely benefit of discovery outweighs burden of procedure); *Krause*, 595 S.W.3d at 838 (reversing denial of TCPA motion because petitioner failed to establish prima facie case for its Rule 202 petition by clear and specific evidence); *Florez*, 657 S.W.3d at 42 (same). This prima facie case includes a Rule 202 petitioner's burden to show the trial court is a "proper court"—one with personal jurisdiction over a potential defendant. *Trooper*, 444 S.W.3d at 610.

As set forth above, we hold that Findhelp did not establish its entitlement to the use of Rule 202 and that the trial court erred in granting its petition. Thus, Findhelp cannot satisfy its prima facie case under Rule 202 and Canseco was entitled to have his TCPA motion to dismiss ruled

upon, including his request for attorney's fees, costs, and sanctions. *See* TEX. CIV. PRAC. & REM. CODE 27.009. We therefore reverse the trial court's order dismissing his motion to dismiss, render judgment granting the motion, and remand for the further proceedings in line with our decision.

Lori Massey Brissette, Justice