**Opinion issued February 27, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00729-CV

———————————

## IN RE NORTH HOUSTON POLE LINE, L.P. AND ERIK GARZA PENA, Relators

———————————

### Original Proceeding on Petition for Writ of Mandamus

———————————

### MEMORANDUM OPINION

Relators North Houston Pole Line, L.P. and Erik Pena Garza seek a writ of mandamus challenging the portion of the trial court's August 27, 2025 order granting their motion to compel the physical and medical examinations of Real Party in Interest Joe Heaton that directs that the examination be audio and video recorded,

and permitting Heaton's attorney to attend.[1][2] This Court requested a response from Heaton, but he did not file a response.

We conditionally grant mandamus relief.

## Background

This case arises from a personal injury suit filed by Real Party in Interest Joe Heaton for injuries sustained in a collision between his trailer truck and a trailer truck driven by Relator Erik Pena Garza, an employee of Relator North Houston Pole Line, L.P. Heaton sued Relators for negligence and gross negligence seeking to recover damages for physical pain, emotional distress, mental anguish, disfigurement, physical impairment, medical care expenses, and property and punitive damages.

Medical records indicate that Heaton recalled possibly losing consciousness and being extracted from his truck after the accident. Heaton was initially diagnosed with a hip fracture and rotator cuff tear in his shoulder, resulting in shoulder surgery. Heaton also received treatment for pain in his knee, back, and neck, and underwent neck surgery. The initial CT scan taken of his brain showed "no acute abnormalities." Heaton was examined by neurologist Ramiro Hernandez, M.D. and

---

[1] The underlying case is *Joe Heaton v. North Houston Pole Line, L.P.*, *Centerpoint Energy, Inc., and Erik Garza Pena*, cause number 24-DCV-315397, pending in the 240th District Court of Fort Bend County, Texas, the Honorable Surendran Pattel presiding.

[2] The Fort Bend County District Clerk's website reflects that the trial court issued an order staying trial court proceedings pending resolution of the mandamus petition.

2

brain injury medicine specialists Hector Miranda-Grajales, M.D. and Adam S. Di Dio, M.D. for his alleged mild traumatic brain injury ("TBI") and pre-existing epilepsy diagnosis. Heaton was also treated by psychiatrist Dr. Davis for severe anxiety and depression.

Dr. Hernandez diagnosed Heaton with a seizure disorder and memory impairment. Dr. Dio, following a series of tests, reported that it was "probable" Heaton sustained a mild TBI and diagnosed him with anterograde amnesia and post-traumatic brain syndrome. Dr. Dio stated that the tests revealed deficits in Heaton's cognitive, somatosensory, vestibular, and oculomotor functions. Dr. Miranda-Grajales documented Heaton's anxiety disorder and attention and cognitive deficits, and addressed Heaton's history of seizures. Neuropsychiatrist A. David Axelrad, M.D. diagnosed Heaton with neurocognitive disorder, post-traumatic stress disorder, depressive disorder, and chronic pain syndrome.

Relators retained neurosurgeon Mark Dannenbaum, M.D. to examine Heaton's cervical spine; orthopedist Mark Maffet, M.D. to perform an orthopedic exam; neurologist Madhureeta Achari, M.D. to evaluate Heaton's alleged TBI-related complaints and current neurological status; and neuropsychologist Michele K. York, Ph.D. to perform neuropsychological testing. They moved to compel Heaton's independent medical examination ("IME") under Texas Rule of Civil Procedure 204.1, arguing that Heaton had placed his physical condition in

controversy. They argued that "good cause" existed for the IMEs because it was not possible to obtain the sought-after information through less intrusive means. In support of their motion and supplemental motions to compel, Relators submitted medical records, a psychiatric report from Dr. Axelrad, affidavits from Dr. York and Dr. Maffet, and unsworn declarations from Dr. Achari and Dr. Dannenbaum.

Heaton argued that Relators' motion should be denied because Relators had not established "good cause" for the IMEs. And if the trial court was inclined to grant Relators' motion, Heaton argued the IMEs should be video and audio recorded with his counsel present.

The trial court held a hearing on Relators' motion to compel. Relying on *In re Society*, Relators argued that recording of an IME is disfavored and requires "special circumstances" such as a showing that Heaton is "not going to be able to tell [his] attorney, basically, what happened" at the IMEs.[3] Relators continued, "[t]he fact that it's an inherently adversarial examination by [Heaton's] preferred expert is not good cause for recording." Relators noted that Dr. Dannenbaum was amenable to a recording "[a]s long as it's [by] a professional videographer"; that Dr. Maffet and Dr. Achari were amenable to "having a family member present . . . [but] not okay with video recording"; and that Dr. York was opposed to both because "[s]he can't

---

[3] *In re Soc'y of Our Lady of Most Holy Trinity*, 622 S.W.3d 1 (Tex. App.—Corpus Christi-Edinburgh 2019, orig. proceeding).

4

conduct the examination under the standards in her field, if it's recorded. It's prohibited." Relators concluded, "there's not been any showing [by Heaton] of the special circumstances required by [] *In re Society* . . . ."

In response, Heaton did not argue that special circumstances warranting recording of the IMEs existed. He instead argued that Relators' motion to compel should be denied because Relators had not shown "good cause" for the IMEs. In the alternative, he requested that "limitations and restrictions for th[e] exams" be placed requesting that "the examinations either be videotaped or audiotaped with the portions transcribed by a court reporter" and "[his] counsel or [other] representative . . . be present during the examination[s] . . . ."

After the hearing, Relators emailed the trial court several cases, including this Court's opinion *In re UV Logistics*, explaining that our Court in that case had "adopt[ed] the 'special circumstances' test from *In re Society* when determining whether a Rule 204.1 exam should be recorded."[4] In a response email, Heaton argued that his case is distinguishable from *In re UV Logistics*, because *In re UV Logistics* "applied to compulsory neuropsychological exams only" and "[t]here was no discussion [in that case as to] whether examinations by a neurologist, orthop[]edic

---

[4]     *In re UV Logistics, LLC*, 682 S.W.3d 612 (Tex. App.—Houston [1st Dist.] 2023, orig. proceeding)

5

surgeon, and a neurosurgeon were subject to the same criteria for recording a compulsory examination."

The trial court signed an order granting Relators' motion to compel and ordering that Heaton's IMEs be audio and video recorded with his counsel present. Relators seek mandamus relief arguing the trial court abused its discretion in ordering that the IMEs be recorded and permitting attendance of Heaton's attorney because no special circumstances exist warranting such conditions. They further argue that they lack an adequate remedy by appeal.

**Standard of Review**

Mandamus is an extraordinary remedy that is available only in limited circumstances. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). To secure mandamus relief, a relator must establish that (1) the trial court committed a clear abuse of discretion or violated a duty imposed by law, and (2) there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law." *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (internal quotation marks and citations omitted); *see also In re Bailey-Newell*, 439 S.W.3d 428, 431 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). "A trial

court has no discretion in determining what the law is or applying the law to the facts." *Walker,* 827 S.W.2d at 840 (internal quotation marks omitted). When resolving factual issues or matters committed to the trial court's discretion, this Court may not substitute its judgment for that of the trial court. *Id*. at 839; *see also In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding).

**Abuse of Discretion**

Texas Rule of Civil Procedure 204 governs the procedures for court-ordered physical and mental examinations. *See* TEX. R. CIV. P. 204.1. A trial court may compel an examination only for "good cause" shown and when the party's mental or physical condition is in controversy or the party responding to the motion designated a psychologist as a testifying expert or disclosed a psychologist's records for possible use at trial. *See id*; *In re Sherwin-Williams Co.*, 668 S.W.3d 368, 370 (Tex. 2023); *see also In re Soc'y of Our Lady of Most Holy Trinity*, 622 S.W.3d 1, 11 (Tex. App.—Corpus Christi-Edinburgh 2019, orig. proceeding).

Whether to grant a Rule 204 motion for an IME is left to the trial court's discretion. *See In re Offshore Marine Contractors, Inc.*, 496 S.W.3d 796, 800 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding). While trial courts retain discretion to place reasonable limits on an IME, they should be mindful to "[a]llow[] both parties' experts to operate on a level playing field. . . ." *See id.* at 803 (citing TEX. R. CIV. P. 204.1(d)). The limitations and conditions imposed must be

7

reasonable. *See In re Kirby Inland Marine, LP*, No. 01-18-00383-CV, 2018 WL 3468476, at *3 (Tex. App.—Houston [1st Dist.] July 18, 2018, orig. proceeding) (mem. op.).

### A.    Recording of Rule 204 Examination

In *In re Society*, the court analyzed whether the trial court's requirement that an IME be video recorded imposed a reasonable limitation. After surveying federal cases addressing this question due to lack of Texas law on the issue at the time, the court noted that "[u]nder federal law, third-party observations and recordings of examinations are disfavored." *In re Society*, 622 S.W.3d at 12-13 (explaining that recording "introduc[es] . . . a human or mechanical presence—whether a lawyer, a stenographer, a tape recorder or other instrumentality—[that] changes the nature of the proceeding"). The court held that absent a showing of a particularized need, video recording of an IME should not be permitted under Rule 204. *Id*. at 17.

The court concluded that a party requesting recording of an IME has "the burden to show a factual basis establishing special circumstances which constitute good cause for the accommodation." *Id.* at 13 (granting mandamus relief because real parties did not establish good cause for recording of examination). The court noted that requiring the party seeking the recording to establish special circumstances or a particularized need is consistent with the Texas Supreme Court's emphasis on the importance of giving the moving party's expert "the 'same

8

opportunity' as the opposing party's expert 'to fully develop and present [his or her] opinion, ensuring a fair trial.'" *Id*. at 17 (quoting *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 304–05 (Tex. 2016) (orig. proceeding).

In *In re UV Logistics*, this Court adopted the reasoning of *In re Society* and we have since held that a party requesting that an IME be video recorded must "provide evidence, including specific facts of special circumstances or a particularized need" to establish good cause for the recording. *In re UV Logistics*, 682 S.W.3d at 623; *see also In re AJM Constr. Co., Inc.*, No. 01-25-00283-CV, 2025 WL 2446355, at *4 (Tex. App.—Houston [1st Dist.] Aug. 26, 2025, orig. proceeding) (mem. op.) (stating evidence of traumatic brain injury and memory deficit in that case did not amount to specialized circumstances); *In re America's Catch*, No. 01-25-00045-CV, 2025 WL 2485685, at *5 (Tex. App.—Houston [1st Dist.] Aug. 29, 2025, orig. proceeding) (mem. op.) (same); *In re Typhoon Texas Waterpark, Typhoon Waterpark of Texas, LLC, WP Ventures, LLC, and WP Ventures #2, LLC*, No. 01-25-00427-CV, 2026 WL 388220, at *3 (Tex. App.— Houston [1st Dist.] Feb. 12, 2026, orig. proceeding) (mem. op.) (same).

"Good cause" is determined on a "case-by-case basis according to evidence showing a particularized need, rather than by a categorical determination based on the underlying tort or cause of action or the nature of the injury alleged." *In re Society*, 622 S.W.3d at 18 (holding that courts determine good cause on case-by-

case basis showing particularized need not based on "the nature of the injury alleged"). A trial court should not permit recording of a mental or physical IME unless the party seeking to record the IME proves "special circumstances . . . supported by specific facts." *See id*. at 14; *see also In re UV Logistics*, 682 S.W.3d at 623–24. Merely stating that a party has a traumatic brain injury is not sufficient to establish special circumstances or a particularized need for recording. *See id.* at 624-25 (holding that proof of traumatic brain injury did not constitute special circumstance sufficient to support recording of independent neuropsychological examination).

The presence of an "observer, a court reporter, or recording device . . . interjects an adversarial, partisan atmosphere into what should be otherwise a wholly objective inquiry" and thus, "subverts the purpose of the rule allowing examinations, which is to put both [parties] on an equal footing regarding the evaluation of [one's] medical or psychological status." *In re Society*, 622 S.W.3d at 13 (quotation marks and citations omitted). Based on this purpose, if a party has been examined by his physicians without recording, the other party generally should have the same opportunity. *See id*.; *see also In re Redbird Trails Apartments*, No. 05-20-00284-CV, 2020 WL 3445811, at *4 (Tex. App.—Dallas 2020, orig. proceeding) (mem. op.) (holding that "in the absence of proof of special circumstances or a particularized need for videotaping or having an attorney present at the opposing

10

party's examination, one party should not be required to videotape the examination when the other party did not").

## B. No Evidence of "Good Cause"

Relators argue that the trial court abused its discretion by requiring that Heaton's counsel be permitted to attend all four IMEs and that Dr. Maffet's, Dr. York's, and Dr. Achari's IMEs be recorded. Relators argue that such limitations are not warranted because Heaton did not establish the required special circumstances or particularized need supported by evidence amounting to "good cause" to warrant recording of his IMEs. Relators assert that the trial court's ruling "contravenes [with] established precedent," "precluding [them] from being able to have the experts of their choice evaluate [Heaton]." They argue that the audio and video recording "thwart[] the purpose of the Rule 204 examination, which is to put the experts on a 'level playing field.'"

Heaton did not file a response to Relators' petition. He thus does not offer any arguments to the contrary or in support of the trial court's decision. During the hearing on Relator's motion to compel, Heaton only argued, without explanation, that the IMEs should "be videotaped and the audio portions transcribed by a court reporter" and "[his] counsel be present" because those were "the guidelines that have been recognized by the courts" and were "reasonable." Heaton did not argue that special circumstances existed warranting these limitations, nor did he present

evidence of special circumstances or a particularized need necessitating video and audio recording of the IMEs.

Although there is some evidence in the record of Heaton's diagnoses and reported symptoms suggesting memory impairment, there was no connection established between these diagnoses and any special circumstance requiring the limitations the trial court imposed on the IMEs. The evidence before the trial court reflects that Heaton scored "average" on evaluations testing his short-term, working, and episodic memory. There is no expert report or physician diagnosis in the record of a specific cognitive impairment or deficit that would impair Heaton's ability to discuss his IMEs with counsel or that establishes special circumstances or a particularized need warranting video or audio recording. In the absence of such evidence, the trial court abused its discretion in ordering that the IMEs of Heaton be audio and video recorded, that the audio portions be transcribed by a court reporter, and that Heaton's attorney be allowed to attend.

**Adequate Remedy by Appeal**

The adequacy of the appellate remedy is determined by balancing the benefits and detriments of mandamus review. *See Prudential*, 148 S.W.3d at 135–36. "Mandamus review of incidental, interlocutory rulings by the trial courts unduly interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the

uniform development of the law, and adds unproductively to the expense and delay of civil litigation." *Id.* at 136. But where significant rulings in exceptional cases are involved, mandamus review "may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.*

"In the discovery context, an appellate remedy is not adequate if: '(1) the appellate court would not be able to cure the trial court's error on appeal; (2) the party's ability to present a viable claim or defense is vitiated or severely compromised; or (3) missing discovery cannot be made a part of the appellate record.'" *In re Offshore Marine Contractors, Inc.*, 496 S.W.3d at 804. A remedy by appeal is inadequate when a relator does not have the opportunity for its expert to "fully develop and present his opinion, ensuring a fair trial." *In re H.E.B. Groc. Co., L.P.*, 492 S.W.3d at 304-05.

Relators' concern that the viability of their defense will be detrimentally affected by the audio and video recording of the IMEs and by the presence of opposing counsel, because such will interfere with their experts' testing and ability to conduct meaningful and complete evaluations, weighs in favor of mandamus review and conclusion that a remedy by appeal is inadequate. *See In re AJM Constr.*

13

*Co., Inc.*, 2025 WL 2446355, at *9 (order requiring recording of IME left relator without adequate remedy on appeal); *In re America's Catch*, 2025 WL 2485685, at *14 (same); *In re Typhoon Texas Waterpark,* 2026 WL 388220, at *5 (same).

## Conclusion

We conditionally grant Relators' Petition for Writ of Mandamus and direct the trial court to vacate that portion of its August 27, 2025 order requiring that Heaton's IMEs be audio and video recorded, that the audio portions be transcribed, and permitting his counsel to be in attendance. The writ will issue only if the trial court fails to do so.

Any pending motions are dismissed as moot.

Veronica Rivas-Molloy
Justice

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.